The STATE of Ohio, Appellee,

v.

BERRY, Appellant.

[Cite as *State v. Berry* (1999), 135 Ohio App.3d 250.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17780.

Decided Oct. 22, 1999.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Cheryl A. Ross*, Assistant Prosecuting Attorney, for appellee..

*Richard Hempfling*, for appellant.

---

BROGAN, Judge.

Ian Berry appeals from the judgment of the Montgomery County Common Pleas Court that denied his application to seal the official records in his case pursuant to R.C. 2953.52.

On August 26, 1998, Berry filed his application, asserting that the Montgomery County Grand Jury had returned on June 23, 1995 a no bill regarding two allegations of gross sexual imposition. On April 27, 1999, the trial court denied the application without a hearing for the reason that the "case dismissed was a sex offense."

Berry contends in three separate assignments that the trial court erred in denying his application without first holding a hearing, without making the factual determinations required by R.C. 2953.52, and in categorically refusing his application because the matter ignored by the grand jury involved sex offenses.

R.C. 2953.52 provides:

"(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

"(2) Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreman or deputy foreman of the grand jury reports to the court that the grand jury has reported a no bill.

"(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

"(2) The court shall do each of the following:

"(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;

"(b) Determine whether criminal proceedings are pending against the person;

"(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

"(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; *and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records,* the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred." (Emphasis added.)

The state of Ohio has not filed an answer brief but has moved this court to reverse the trial court's judgment and remand the matter for a hearing on Berry's application pursuant to the statute.

■ This court has held that the requirement of a hearing, as set forth in R.C. 2953.32(B), is mandatory and requires the court to notify the prosecutor of the date of the hearing. *Dayton v. Salmon* (1996), 108 Ohio App.3d 671, 671 N.E.2d 599; *State v. Bauer* (Mar. 29, 1996), Montgomery App. No. 15316, unreported,

1996 WL 144201. See, also, *State v. Saltzer* (1984), 14 Ohio App.3d 394, 14 OBR 500, 471 N.E.2d 872.

The appellant's second and third assignments are also well taken. The trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement rather than summarily and categorically denying the application because the matters investigated were sex offenses.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and FAIN, J., concur.