The STATE of Ohio, Appellee,

v.

WIDDER, a.k.a. Whidder, Appellant.

[Cite as *State v. Widder*, 146 Ohio App.3d 445, 2001-Ohio-1521.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20522.

Decided Oct. 17, 2001.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Jeffrey N. James, for appellant.

BATCHELDER, Presiding Judge.

I

{¶1} Appellant, Robert F. Widder, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to seal the official records in his case pursuant to R.C. 2953.52. We reverse and remand.

{¶2} In a journal entry filed .on February 22, 2001, the grand jury returned a no bill on a charge of rape pursuant to R.C. 2907.02. On January 21, 2001, Widder filed with the Summit County Court of Common Pleas an application to seal the official record pursuant to R.C. 2953.52. During a hearing on the issue,

the state opposed the sealing of Widder's record. Following the hearing, the trial court denied Widder's application on March 8, 2001. This appeal followed.

## II

{¶3} Widder asserts two assignments of error. We will address each in turn.

## A

### First Assignment of Error

{¶4} "The court abused its discretion in denying appellant's application to seal the official record."

{¶5} In his first assignment of error, Widder avers that the trial court abused its discretion in denying his application to seal the official record. Specifically, Widder contends that the trial court failed to weigh his interests in having the record sealed pursuant to R.C. 2953.52(B)(2)(d). We agree.

{¶6} An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion. *Gehris v. State* (Aug. 30, 2000), Wayne App. No. 99CA0060, unreported, at 3, 2000 WL 1226622; see, also, *State v. Lesinski* (1992), 82 Ohio App.3d 829, 831, 613 N.E.2d 691. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶7} The legislature set forth the procedure through which courts may seal the record following a dismissal of charges or a finding of not guilty in R.C. 2953.52.

{¶8} R.C. 2953.52 provides:

{¶9} "(A)(2) Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreman or deputy foreman of the grand jury reports to the court that the grand jury has reported a no bill.

{¶10} "(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

{¶11} "(2) The court shall do each of the following:

{¶12} "(a) Determine whether * * * a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;

{¶13} "(b) Determine whether criminal proceedings are pending against the person;

{¶14} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶15} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶16} "(3) If the court determines, after complying with division (B)(2) of this section, * * * that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."

{¶17} In denying an application to seal records pursuant to R.C. 2953.52, "[a] trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement[.]" *State v. Berry* (1999), 135 Ohio App.3d 250, 253, 733 N.E.2d 651; accord *Avon Lake v. Chiricosta* (Aug. 23, 2000), Lorain App. No. 99CA007532, unreported, at 4, 2000 WL 1197028 (reversing a trial court's denial of an application to seal the record based upon the fact, inter alia, that the trial court failed to note that it engaged in or completed the requisite analysis under R.C. 2953.52[B][2]).

{¶18} In the present case, Widder sought to have the official records in his case sealed because his employment with a security service was terminated in December 2000 due to the 1996 rape charge, despite the fact that the grand jury had no-billed that charge. During the hearing, but before either side had the opportunity to argue the merits of their cases, the trial court announced:

{¶19} "The Court has reviewed the application. I have a prior record which essentially dates back to November 2nd of 1975. Technically, the two year period has passed. Based on the record and based on the interest of the community, the Court is not going to grant the motion to seal his record."

{¶20} Later, the trial court noted that Widder had multiple misdemeanor convictions for driving while under the influence of alcohol or drugs, a domestic violence conviction in November 1994, a theft charge with "no disposition given," and a criminal trespass conviction. It is unclear from the record when these misdemeanor charges and/or convictions (aside from the 1994 domestic violence conviction) occurred, and no additional details on these charges were given. From the record before this court, it appears that Widder does not have a felony record and has not been charged with any sex offenses, other than the 1996 rape charge.

{¶21} As previously discussed, the trial court was required to "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." See R.C. 2953.52(B)(2)(d). Here, the trial court announced its decision to deny Widder's application before hearing either side's arguments at the hearing. Moreover, although the trial court denied Widder's application "[b]ased on the record and based on the interest of the community," it is unclear whether the trial court engaged in a weighing of the relative interests of the parties in having the record sealed. See R.C. 2953.52(B)(2)(d). As the trial court did not comply with the mandates set forth in R.C. 2953.52(B), we are compelled to conclude that the trial court erred and sustain Widder's first assignment of error.

B

Second Assignment of Error

{¶22} "It was error for the prosecution, at hearing, to oppose appellant's motion to seal without first filing its objections with the court prior to the date set for hearing."

{¶23} During oral argument before this court, Widder abandoned this argument. Accordingly, we do not pass upon this assignment of error.

III

{¶24} Widder's first assignment of error is sustained. He abandoned his second assignment of error during oral argument before this court and, therefore, we do not pass upon it. Accordingly, the judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for compliance with the mandates of R.C. 2953.52(B).

Judgment reversed
and cause remanded.

SLABY and WHITMORE, JJ., concur.