DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Michael Costello, appeals from the judgment of the Cuyahoga Falls Municipal Court denying his motion to seal his official record pursuant to R.C. 2953.52. We affirm.
 {¶ 2} The Tallmadge police department arrested Defendant after an alleged altercation with Defendant's wife in December 2001. Defendant was originally charged with domestic violence, under R.C. 2919.25(A), but, in February 2002, the city amended the charge to disorderly conduct, under Section 509.03 of the Codified Ordinances of the City of Tallmadge. Four days after the amendment, the city dismissed the case without prejudice.
 {¶ 3} Defendant moved to seal his official record pursuant to R.C.2953.52. The court denied his motion. Defendant then filed a motion to reconsider. The court upheld its original ruling, and refused to seal Defendant's record in this case. Defendant timely appeals raising one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court abused its discretion when it denied [Defendant's] motion to seal his official record pursuant to R.C. 2953.52."
 {¶ 4} In his only assignment of error, Defendant argues that the trial court abused its discretion by failing to seal his record under R.C. 2953.52. Specifically, Defendant argues that his interest in sealing the record outweighs the need of the government to maintain the record.
 {¶ 5} R.C. 2953.52(A)(1) permits a named defendant to a dismissed complaint to file, at any time, a motion to seal his record. After a defendant files the motion, the court must set a hearing where the court must: (1) determine whether the complaint was in fact dismissed against the defendant in the case; (2) determine whether there are pending criminal proceedings against the defendant; (3) consider any objection by the prosecutor to the motion to seal; and (4) "[w]eigh the interests of the [defendant] in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2).
 {¶ 6} We review the trial court's decision not to seal the record for an abuse of discretion, taking into consideration the totality of the circumstances. Gehris v. State (Aug. 30, 2000), 9th Dist. No. 99CA0060, at 3, citing State v. Zarbaugh (Aug. 11, 1994), 5th Dist. No. 94 CA 00018. An abuse of discretion entails more than just an error of law or judgment, but implies a decision that is unreasonable, arbitrary, or unconscionable. State v. Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 6, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When denying a motion to seal a record pursuant to R.C. 2953.52, "`[a] trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement[.]'" Widder at ¶ 17, quoting State v. Berry (1999), 135 Ohio App.3d 250, 253; accordAvon Lake v. Chiricosta (Aug. 23, 2000), 9th Dist. No. 99CA007532, at 4.
 {¶ 7} In this particular case, there is no dispute that the case against Defendant was dismissed and there were no criminal charges pending against him. The prosecutor in this case did object to sealing Defendant's case. He indicated that the case did not go to trial on the merits merely because the complaining witness had "so many medical issues at that time that * * * it was kind of overwhelming her," and she, therefore, did not feel she could withstand a trial.
 {¶ 8} After listening to defense counsel, Defendant, and the prosecutor at the hearing, the court weighed the interests of both Defendant and the state. The court found that (1) Defendant's criminal history included a prior felony charge that was dismissed nearly 30 years ago, a prior sealed case, and a prior DUI charge; (2) Defendant had "a lot of * * * attitude" in that Defendant felt it was his right to automatically have his record sealed; (3) Defendant was uncooperative and argumentative with police and actually challenged the police officer on the scene to arrest him because Defendant felt, and continued to feel, that the entire altercation was his wife's fault; (4) Defendant's wife appeared to be in fear of Defendant after the altercation and requested a temporary restraining order against him; (5) Defendant's wife's son witnessed the altercation; and (6) the charge was originally for domestic violence which is "a crime of violence and known to be a repeat offense[.]"
 {¶ 9} The trial court noted that "Defendant did not provide a basis for wanting [the] offense sealed except that he was no longer married to the victim and he did not commit the offense." Even at that point in time, Defendant continued to insist he had no fault in the matter. After weighing the interests of both parties, the court denied Defendant's motion to seal his record. The court's decision is supported by valid reasons, and we cannot say that the trial court abused its discretion in denying Defendant's motion. We find Defendant's first assignment of error to be without merit.
 {¶ 10} We find Defendant's argument to be without merit, and affirm the decision of the Cuyahoga Falls Municipal Court.
Judgment affirmed.
Baird, J. concurs.
Carr, J. concurs in judgment only.