OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Sharon Bates appeals from the September 29, 2003, Judgment Entry of the Ashland County Court of Common Pleas denying her Motion for the Expungement and Sealing of Records. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 14, 1994, the Ashland County Grand Jury indicted appellant on one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the third degree. The indictment alleged that appellant "with purpose to deprive the owner of certain property, worth $5,000 or more, to wit: more than $5,000, knowingly obtained control over such property without the consent of the owner, i.e. Cinnamon Lake Association, . . ." Cinnamon Lake Association was appellant's employer. At her arraignment on December 19, 1994, appellant entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, on May 17, 1995, appellant withdrew her former not guilty plea and entered a plea of guilty to theft, a lesser included offense to grand theft and a felony of the fourth degree. As memorialized in a Judgment Entry filed on June 23, 1995, appellant was sentenced to one year in prison. However, the trial court suspended appellant's sentence and placed appellant on probation for a period of two years under specified terms and conditions. Subsequently, pursuant to a Judgment Entry filed on June 3, 1997, the trial court discharged appellant from probation, finding that she had complied with the rules and regulations of probation.
 {¶ 4} On February 26, 2003, appellant filed a Motion for the Expungement and Sealing of Records. A hearing on appellant's motion was held on August 18, 2003. At the hearing, appellant testified that the offense in this matter was committed as a result of appellant's gambling problem and that she had never had a gambling problem either before or after such offense. Appellant further testified that she voluntarily informed her then employer, Cinnamon Lake Association, of the theft because she could not stand her guilty conscience and that she made full restitution before she was criminally charged. When asked whether she had attempted to rehabilitate herself, appellant testified that she had attended Gambler's Anonymous for three years and that she believed that she was cured of her gambling problem.
 {¶ 5} At the hearing, testimony was also adduced that appellant has been employed by the Eagles Club as the manager for approximately ten years and that, as part of her job, she handles all of the cash and does the banking. Although the Eagle's Club is aware of her theft conviction, appellant testified that she thought it was important to have her conviction expunged since she was worried that "some new trustee or officer [of the Eagles] is going to come in. . . . For bonding purposes and just everything. My employers have been wonderful. But I just — we're [the Eagle's Club] getting a new license. And the state." Transcript at 6. Appellant indicated that she believed her job would go much smoother if she did not have a felony record. Appellant further voiced concerns that her theft conviction might hamper her ability to travel out of the country, including to Canada. When asked whether she honestly could tell the trial court that she was rehabilitated and that "nothing like this would ever happen again", appellant responded as follows: "I definitely. If anyone told me gambling was so vicious, I'm a smart, intelligent person. The humiliation that I've caused my family and my husband and myself, no." Transcript at 7. The State did not present any testimony at the expungement hearing and declined to make any argument to the trial court.
 {¶ 6} At the conclusion of the hearing, the trial court denied appellant's motion, stating on the record, in relevant part, as follows:
 {¶ 7} "The court, Ms. Bates, would like to first of all commend you for the progress that you have made in your life since this occurred. Commend you for the way you did handle it at the time. The court has great respect for your family. The court needs to balance all of these things against the fact that we do have, unfortunately, in this county several other occurrences since then of defalcation cases where either a public employee or someone else in a fiduciary capacity, as you were with Cinnamon Lake, for whatever reason have similar problems. It is a concern of the court and of this community.
 {¶ 8} "The factor that tips the scales in this court's view is the fact that the underlying cause of this crime was an addiction. Anyone that has such an addiction knows, as you have stated here or implied in your testimony, that you're never cured. You always have to fight everyday that addiction.
 {¶ 9} "And you are to be commended on the progress that you have made in that regard. No question about it. However, it would be, in this court's view, a disservice to the community and perhaps even to you yourself if this court were to grant this expungement under these terms and circumstances.
 {¶ 10} "There isn't anything else you might or could have done prior to today to cause this court to change its mind. But it is the nature of the offense, it is the nature of the addiction that causes this court to simply say no. You are to be commended for your efforts. Your recovery and your rehabilitation has been exemplary. But the underlying offense is of such a nature that this court cannot permit the requested relief.
 {¶ 11} "And, indeed, the fact that you have stood convicted of such an offense, that you have at least to this point in time successfully fought this battle stands as a tribute to you, and others should be inspired by that. There are addictions of all nature, make, type and substance. Popular ones we all know. But addictions are at the root cause of many, many of our society's problems.
 {¶ 12} "Your story is a tribute to an individual who has recognized the problem and dealt with it in an exemplary fashion. However, it is simply this court's view that this underlying cause being such as it is, there's always the possibility that you could relapse in the future. Anyone in your situation has to face that reality everyday. And, again, this court does not want to understate the importance of your continued success and continue this matter on a positive course." Transcript at 9-11. Pursuant to a Judgment Entry filed on September 29, 2003, the trial court memoralized its decision to deny appellant's motion "based upon the nature of the Defendant's offense . . ."
 {¶ 13} It is from the trial court's September 29, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 14} "The trial court committed prejudicial error by denying the appellant's request to have her record sealed."
 I {¶ 15} Appellant, in her sole assignment of error, argues that the trial court erred in denying appellant's motion to have her record sealed.
 {¶ 16} The expungement procedure in Ohio is a statutory post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, not of right. SeeState v. Thomas (1979), 64 Ohio App.2d 141, 145,411 N.E.2d 845.
 {¶ 17} R.C. 2953.32(C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. This portion of the statute provides as follows:
 {¶ 18} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *
 {¶ 19} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 20} "(c) If the applicant is a first offender * * *, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 21} "(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 22} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
 {¶ 23} If none of the above elements are determined adverse to the applicant, pursuant to R.C. 2953.32(C)(2), the court "shall order all official records pertaining to the case sealed." In State ex rel. Gains v. Rossi, 86 Ohio St.3d 620, 622,1999-Ohio-213, 716 N.E.2d 204, the Ohio Supreme Court stated that "[i]n addition, the remedial expungement provisions of R.C.2953.32 and 2953.33[1] must be liberally construed to promote their purposes." Thus, the standard to be applied in an expungement case, pursuant to R.C. 2953.32, requires "[t]he court * * * [to] weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungements." State v. Hilbert
(2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064. Because R.C.2953.31[2] and 2953.32 are to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so. Id. at 828.
 {¶ 24} A trial court must include proper findings in its judgment entry to illustrate compliance with R.C. 2953.32. SeeState v. Hall (Mar. 20, 2000), Mahoning App. No. 99 CA 190. See, also, State v. Berry (1999), 135 Ohio App.3d 250,733 N.E.2d 651. In Berry, the court held that a trial court cannot summarily and categorically deny an application for expungement based on the nature of the offense, but must make the findings required by R.C. 2953.52(B)(2). While R.C. 2953.52, which deals with applications to have a record sealed after a person is found not guilty of an offense or after a complaint, indictment or information is dismissed, does not apply in this case and requires different findings, we find that such statute is analogous to R.C. 2953.32.
 {¶ 25} In the case sub judice, the trial court, in its September 29, 2003, Judgment Entry, specifically found that appellant was a first time offender and that there were no criminal cases pending against her. No objection to appellant's motion was filed by the State. However, the trial court never made any findings, either on the record or otherwise, regarding appellant's interest in having the record sealed or the government's need to maintain those records and regarding whether appellant had been rehabilitated to the satisfaction of the court. Rather, the trial court, in its entry, simply stated that it was denying appellant's motion "based upon the nature of the Defendant's offense." Furthermore, at the August 18, 2002, hearing, the trial court stated on the record that "it is the nature of the offense, it is the nature of the addiction that causes the court simply to say no." Transcript at 10.
 {¶ 26} As noted above, a trial court must make the necessary findings required by R.C. 2953.32 and weigh the interests of the parties to the expungement and cannot deny the motion for expungement because of the nature of the offense. In the case sub judice, it is clear from both the oral and written record that the trial court denied appellant's motion based on the nature of her offense, which the trial court found to be one of addiction. The statute requires that the trial court determine if this specific defendant has been rehabilitated to the satisfaction of the court. Even if we accept the trial court's belief that once an addict, always an addict, the trial court has failed to address whether this particular defendant has been rehabilitated to the extent that she is able to control her behavior and, thus manage her addiction. Thus, the trial court applied the wrong standard in reviewing appellant's Motion for the Expungement and Sealing of Records.
 {¶ 27} Accordingly, for the foregoing reasons, appellant's assignment of error is sustained.
 {¶ 28} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Upon remand, the trial court is directed to make the findings required by R.C. 2953.32(C).
Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Comon Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] R.C. 2953.33 is captioned "Restoration of rights upon sealing of record."
[2] R.C. 2953.31 contains definitions for the terms and phrases used in R.C. 2953.31 to 2953.36.