OPINION
{¶ 1} State of Ohio ("state"), appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the application for sealing of record filed by LaCron K. King, appellee.
 {¶ 2} On August 22, 1995, appellee entered a guilty plea to theft, a fourth-degree felony. On October 20, 1995, she was sentenced to a term of one and one-half years incarceration. The court suspended the term of imprisonment on the condition that appellee successfully complete a five-year term of probation and pay restitution to the Franklin County Human Services Department.
 {¶ 3} On April 29, 2003, appellee filed an application for sealing of record. The state objected to the application. On September 19, 2003, without holding a hearing, the trial court granted appellee's application. The state appeals the judgment of the trial court, asserting the following assignments of error:
FIRST ASSIGNMENT OF ERROR
The court erred when it granted an application for expungement without holding a hearing.
SECOND ASSIGNMENT OF ERROR
A Court lacks jurisdiction to seal the record when the applicant has not made restitution as required by the sentencing entry.
 {¶ 4} The state argues in its first assignment of error that the trial court erred when it granted appellee's application for sealing of record without first holding a hearing. We agree. R.C.2953.32(B) provides, in part: "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." It is axiomatic that the use of the word "shall," in a statute, denotes that compliance with the commands of the statute is mandatory, absent clear and unequivocal legislative intent to the contrary. State ex rel. Botkins v. Laws (1994),69 Ohio St.3d 383, 385. Non-compliance with a mandatory statute will render the proceedings to which it relates illegal and void.In re Davis (1999), 84 Ohio St.3d 520, 522, citing State exrel. Jones v. Farrar (1946), 146 Ohio St. 467, 471-472.
 {¶ 5} Numerous appellate districts, including this one, have had the opportunity to address this issue and have found that an oral hearing is mandatory prior to the issuance of a decision on the application for sealing of record. See State v. Saltzer
(1984), 14 Ohio App.3d 394 (Eighth Appellate District); State v.Mallardi (Apr. 26, 2000), Summit App. No. 19842 (Ninth Appellate District); State v. Hall (Mar. 20, 2000), Mahoning App. No. 99 CA 190 (Seventh Appellate District); State v. Berry (1999),135 Ohio App.3d 250 (Second Appellate District); State v. Hagopian
(Sept. 21, 1999), Franklin App. No. 98AP-1572 (Tenth Appellate District); State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463 (Eleventh Appellate District); Middletown v. Egelston
(Mar. 17, 1986), Butler App. No. CA85-08-097 (Twelfth Appellate District); see, also, State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159 (rationale that a court must hold a hearing is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision). Pursuant to these authorities, we find the trial court erred in failing to conduct a hearing on appellee's application for sealing of record pursuant to R.C.2953.32(B). Therefore, the state's first assignment of error is sustained. As the matter must be remanded for a hearing on appellee's application, the state's second assignment of error is moot.
 {¶ 6} Accordingly, the state's first assignment of error is sustained, the state's second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court for a hearing on appellee's application for sealing of record.
Judgment reversed and cause remanded.
Lazarus, P.J., and Sadler, J., concur.