JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James F. Hogan ("defendant") appeals from the ruling of the Cleveland Municipal Court that denied a motion to seal his record after a not guilty finding. For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} Defendant was charged with domestic violence and the matter proceeded to trial in municipal court. Defendant was acquitted. Subsequently, defendant filed a motion to seal the record that the municipal court denied.
 {¶ 3} Defendant now appeals assigning the following sole assignment of error for our review:
 {¶ 4} "I. The trial court's denial of Mr. Hogan's motion to seal without making the requisite findings under O.R.C. 2953.52 and weighing the interests of the parties is an abuse of discretion."
 {¶ 5} R.C. 2953.52 governs the sealing of arrest records following an acquittal and requires the court to hold a hearing and do each of the following:
 {¶ 6} "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;
 {¶ 7} "(b) Determine whether criminal proceedings are pending against the person;
 {¶ 8} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 9} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B).
 {¶ 10} Defendant argues that the trial court did not make the necessary findings pursuant to R.C. 2929.52(B), prior to denying his motion to seal.
 {¶ 11} The court "`must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement[.]'" State v. Widders (2001), 146 Ohio App.3d 445, 449, quoting State v. Berry (1999), 135 Ohio App.3d 250, 253 (other citation omitted); see, also, City of Cleveland v. Cooper-Hill, Cuyahoga App. No. 84164, 2004-Ohio-6920 ("`the trial court must, in pertinent part, "weigh the interests of the person having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records."'" Id., quoting State v. Tyler
(June 28, 2001), Franklin App. No. 00AP-1331, citing State v. Haney
(1991), 70 Ohio App.3d 135, 139).
 {¶ 12} While the trial court may have considered facts relative to the R.C. 2953.52(B) findings, the findings were not placed on the record. Therefore, we must sustain this assignment of error in accordance with the law.
Judgment reversed and cause remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and McMonagle, J., Concur.