OPINION
{¶ 1} Appellant, James D. Dumas, appeals from the judgment of the Franklin County Court of Common Pleas denying his application to seal records pertaining to first-degree felony rape and kidnapping charges upon which a jury acquitted him. For the following reasons, we reverse. *Page 2 
 {¶ 2} After appellant filed the application to seal, appellee, the State of Ohio, filed objections to the application, and the trial court held a hearing. At the hearing, appellant's counsel reminded the court that a jury had acquitted appellant of the rape and kidnapping after deliberating for less than 45 minutes. Appellant's counsel also noted that "we believe" appellant has been denied employment "solely" because the rape and kidnapping charges are on his record. (Tr. at 4.)
 {¶ 3} In response, appellee stated: "[W]e filed the objection. Because * * * the interest of law enforcement in knowing this, even if it is just a prior arrest and acquittal, exists when it is this high of a level of an offense." (Tr. at 6.) Appellee also mentioned appellant's prior record, which included convictions for disorderly conduct and a misdemeanor presenting false information conviction. In addition, appellee mentioned some of the facts surrounding the charges. Appellant's trial counsel sought to respond to the allegations, but the trial court declined to entertain such a response.
 {¶ 4} Before making its decision, the trial court noted, "it appears that the sealing would prevent law enforcement from having access to the record * * * as an investigative matter." (Tr. at 7-8.) The trial court then stated:
 In my view, and this has nothing to do with you personally, any F-1 or F-2 case that is tried that results in an acquittal, it don't matter if it is an F-1 or F-2, I think the state's interest in those cases outweighs the interest of any defendant, not just this defendant, but to have those records sealed.
 If the statute would provide that they could be used for investigative purposes, I would do it. But since the statute prohibits that, then I think the state's interest does outweigh the defendant's interest in this case.
 * * * *Page 3 
 I want you to know [appellant], this has nothing to do with you personally. Because I agree with the verdict * * *
(Tr. at 8-9.)
 {¶ 5} Thus, the trial court denied appellant's application to seal. Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT ANY DEFENDANT CHARGED WITH A FIRST OR SECOND DEGREE FELONY BUT LATER ACQUITTED BY A JURY IS INELIGIBLE FOR SEALING OF HIS OFFICIAL RECORDS, AND THUS COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S APPLICATION TO SEAL HIS RECORDS PURSUANT TO R.C. 2953.52.
 {¶ 6} In his single assignment of error, appellant contends that he is entitled to a remanded hearing on his application to seal because the trial court failed to properly balance the requisite statutory considerations under R.C. 2953.52. We agree.
 {¶ 7} R.C. 2953.52(A)(1) allows a person, like appellant, "who is found not guilty of an offense by a jury" to "apply to the court for an order to seal his official records in the case." We will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion. State v. Haney (1991), 70 Ohio App.3d 135, 138;State v. Newton, Franklin App. No. 01AP-1443, 2002-Ohio-5008, at ¶ 8. An abuse of discretion connotes more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In considering an R.C. 2953.52 application, the trial court is to "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain the records." R.C. *Page 4 2953.52(B)(2)(d). Thus, R.C. 2953.52(B)(2)(d) contains a balancing test in which the trial court must engage. See State v. Price (Oct. 19, 2000), Franklin App. No. 00AP-243. A trial court abuses its discretion in denying an R.C. 2953.52 application without balancing the requisite factors. State v. Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 5-6, 21.
 {¶ 9} Here, the trial court recognized the state's interest in allowing law enforcement access to the rape and kidnapping criminal charges. In City of Pepper Pike v. Doe (1981), 66 Ohio St.2d 374, 377, the Ohio Supreme Court observed that "[t]ypically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." Here, however, the trial court did not weigh appellant's interests against the state's interests, but instead decided, categorically, not to seal first-or second-degree felony cases resulting in an acquittal after a trial. The balancing factors in R.C.2953.52(B)(2)(d) preclude a trial court from "summarily and categorically" denying an application in such a manner. See State v.Berry (1999), 135 Ohio App.3d 250, 253 (reversing a trial court's decision to deny an R.C. 2953.52 application to seal because the trial court failed to "weigh the interests of the parties to the expungement rather than summarily and categorically denying the application because the matters investigated were sex offenses"). Nothing in R.C. 2953.52
makes an applicant per se ineligible for sealing first-or second-degree felony cases resulting in an acquittal after trial. The trial court abused its discretion in denying appellant's application on such a categorical basis and without weighing the requisite interests of appellant and the state. *Page 5 
 {¶ 10} In so concluding, we acknowledge the state's argument that appellant failed to submit any evidence to support its application in accordance with an applicant's burden set forth in Haney at 138. However, appellee's argument is irrelevant here because the record evinces that the trial court did not consider whether appellant presented sufficient evidence to support his application to seal. Ultimately, the trial court noted that it was making its decision based on "any defendant" who was acquitted at trial of a first-or second-degree felony charge, and the trial court noted that its decision "has nothing to do with [appellant] personally." (Tr. at 8.)
 {¶ 11} For these reasons, we conclude that the trial court abused its discretion in denying appellant's application to seal without weighing the requisite interests of appellant and the state in accordance with R.C. 2953.52. In deciding as such, we make no conclusions as to whether the trial court should grant appellant's application to seal after a weighing of the requisite factors, and we simply sustain appellant's single assignment of error. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand this cause to that court for further proceedings consistent with our opinion.
Judgment reversed and cause remanded.
 TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1