[Cite as *State v. Poole*, 2011-Ohio-2956.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 10-CA-21 |
| JOSHUA M. POOLE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Criminal appeal from the Perry County
                               Court, Case No. CRB400384

JUDGMENT:                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        June 15, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

NANCY RIDENOUR                          WILLIAM HAYNES, JR.
Assistant Prosecutor                    806 Franklin Avenue
111 North High Street                   Toronto, OH 43964
New Lexington, OH  43764

*Gwin, P.J.*

{¶1}   Defendant-appellant Joshua M. Poole appeals from the November 16, 2010, Judgment Entry of the Perry County Court denying his Motion for the Sealing of Records. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In December 2004, appellant plead no contest to one count of Vehicular Manslaughter, a misdemeanor of the second degree in violation of Ohio Revised Code Section 2903.06(A) (4). Appellant then age 18 was the driver of the vehicle involved in a one car accident in which the passenger in the vehicle, also 18 years of age, died. Appellant  paid his fine, served his sentence, wrote a letter of apology, and completed a remedial driving course, probation and community service without incident or issues.

{¶3}   On July 7, 2010, appellant filed a Motion for the Sealing of Records. A hearing on appellant's motion was held on November 9, 2010.

{¶4}   The evidence presented also included evidence that appellant had been a reliable and diligent worker at Valley Converting for four years and had risen to the position of Supervisor of the cutting machine.

{¶5}   Only the appellant testified at the hearing. Appellant expressed his continual regret for the incident. Appellant further testified concerning his intent to enlist in the military and serve his country. Appellant further testified about the reason for his application and his overall intent to become a lawyer to help others.

{¶6}   The Assistant Prosecutor based her objection to the motion solely on the objection of two family members. The Court permitted into evidence written statements

submitted by the victim's brother and sister-in-law and a written statement of the defendant-appellant's employer without objection by either party.

{¶7} At the conclusion of the hearing, the trial court took the matter under advisement. The trial court's subsequent Judgment Entry filed November 16, 2010 denied the motion.

{¶8} It is from the trial court's November 16, 2010, Judgment Entry that appellant now appeals, raising the following assignment of error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION VESTED IN IT BY OHIO REVISED CODE SECTION 2953.32 IN DENYING THE APPLICATION OF THE APPELLANT TO SEAL THE RECORD OF HIS 2004 MISDEMEANOR CONVICTION."

I.

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's motion to have his record sealed.

{¶11} An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion. *State v. Widder*, 146 Ohio App.3d 445, 766 N.E.2d 1018, 2001-Ohio-1521 at ¶ 6.

{¶12} R.C. 2953.32(C) (1) (a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. This portion of the statute provides as follows:

{¶13} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *

{¶14} "(b) Determine whether criminal proceedings are pending against the applicant;

**{¶15}** "(c) If the applicant is a first offender * * *, determine whether the applicant has been rehabilitated to the satisfaction of the court;

**{¶16}** "(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶17}** "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶18}** "(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in divisions (G) and (H) of this section, shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code."

{¶19} In *State ex rel. Gains v. Rossi,* 86 Ohio St.3d 620, 622, 1999-Ohio-213, 716 N.E.2d 204, the Ohio Supreme Court stated that "[i]n addition, the remedial expungement provisions of R.C. 2953.32 and 2953.33[1] must be liberally construed to promote their purposes." Thus, the standard to be applied in an expungement case, pursuant to R.C. 2953.32, requires "[t]he court * * * [to] weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungements." *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064. Because R.C. 2953.31[2] and 2953.32 are to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so. Id*.* at 828, 764 N.E.2d 1064.

{¶20} In *State v. Bates*, Ashland App. No. 03-COA-057, 2004-Ohio-2260, this Court found that the record failed to support the trial court's denial of theft defendant's motion for expungement and sealing of records, pursuant to R.C. 2953.32 where the trial court failed to make any findings with respect to defendant's interest in having the records sealed, the government's need to maintain records, and whether defendant had been rehabilitated to the satisfaction of the trial court. The court in *Bates*, found.

{¶21} "A trial court must include proper findings in its judgment entry to illustrate compliance with R.C. 2953.32. See *State v. Hall* (Mar. 20, 2000), Mahoning App. No. 99 CA 190. See, also, *State v. Berry* (1999), 135 Ohio App.3d 250, 733 N.E.2d 651. In *Berry,* the court held that a trial court cannot summarily and categorically deny an application for expungement based on the nature of the offense, but must make the

---

[1] R.C. 2953.33 is captioned "Restoration of rights upon sealing of record."
[2] R.C. 2953.31 contains definitions for the terms and phrases used in R.C. 2953.31 to 2953.36.

findings required by R.C. 2953.52(B)(2). While R.C. 2953.52, which deals with applications to have a record sealed after a person is found not guilty of an offense or after a complaint, indictment or information is dismissed, does not apply in this case and requires different findings, we find that such statute is analogous to R.C. 2953.32." *State v. Bates,* supra ¶24.

**{¶22}** R.C. 2953.52, entitled "Application to have records sealed; grounds; order," as analyzed in *Bates,* supra states:

**{¶23}** "(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

**{¶24}** "* * *

**{¶25}** "(B) (1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

**{¶26}** "(2) The court shall do each of the following:

**{¶27}** "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;

**{¶28}** "(b) Determine whether criminal proceedings are pending against the person;

**{¶29}** "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶30}** "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶31}** "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section

2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."

**{¶32}** Thus, this Court impliedly found in *Bates* that R.C. 2953.52(B) (2) (d) contains the same balancing test as R.C. 2953.32(C) (1) (e). Other courts that have reviewed R.C. 2953.52 have required the trial court set forth its findings, "Thus, R.C. 2953.52(B) (2) (d) contains a balancing test in which the trial court must engage." *In re Dumas,* 10th Dist. No. 06AP-1162, 2007-Ohio-3621, at ¶ 8. A trial court abuses its discretion in ruling on an R.C. 2953.52 application without balancing the requisite factors. Id. See, also *State v. Severino*, Ashtabula App. No. 2009-A-0045, 2010-Ohio-2674 at ¶22.

**{¶33}** In *Dumas,* supra, the Tenth District reversed the trial court's decision denying the application for expungement, holding:

**{¶34}** " * * * [T]he trial court did not weigh appellant's interests against the state's interests, but instead decided, categorically, not to seal first-or second-degree felony cases resulting in an acquittal after a trial. The balancing factors in R.C. 2953.52(B) (2) (d) preclude a trial court from 'summarily and categorically' denying an application in such a manner. See *State v. Berry* ( 1999), 135 Ohio App. 3d 250, 253, 733 N.E. 2d 651 (reversing a trial court's decision to deny an R.C. 2953.52 application to seal because the trial court failed to ' weigh the interests of the parties to the expungement rather than summarily and categorically denying the application because the matters investigated were sex offenses'). * * *" Id. at ¶ 9, 733 N.E. 2d 651. *State v. Severino*, supra at ¶ 24.

**{¶35}** The Tenth District in *Dumas* further held that the trial court abused its discretion in denying appellant's application on such a categorical basis and without weighing the requisite interests of the defendant and the state. Id.

**{¶36}** In *State v. Gilchrist* (Dec. 7, 1994), 9th Dist. No. 16800, the trial court denied the defendant's motion to seal the records. The Ninth District reversed, holding that the trial court abused its discretion in denying Gilchrist's motion because "the record contain[ed] no evidence indicating that the trial court [ ] weighed the parties' competing interests as required by R.C. 2953.52(B) (2) (d). The state never provided evidence of any interests which would be advanced by maintaining the records of the case against Gilchrist, nor did the trial court ever refer to any such interests. In light of these facts, [ ] we find that the trial court abused its discretion in denying Gilchrist's motion. We order that the case be remanded to the trial court for a determination pursuant to R.C. 2953.52(B) (2)." *Id.* at *4-*5. *State v. Severino*, supra at ¶ 26.

**{¶37}** In the case at bar, the trial court made no findings on the record after the hearing held November 9, 2010.  The court findings set forth in its Judgment Entry filed November 16, 2010 are as follows:

**{¶38}** "The Court heard significant testimony about Mr. Joshua Poole on how he has maintained a respectable lifestyle since the incident. He has completed and is in compliance with Probation and has lived as a respectable law abiding citizen. Attorney William Haynes presented the case in the best of light possible with the severity of the incident.

**{¶39}** "However, in reviewing the statute and the seriousness of the charge, the Court believes that by sealing this record would minimize the seriousness in nature.

Secondly, should the Defendant be involved in any difficulties in the future, that Court should most certainly be aware of the seriousness in nature. By sealing the record in this situation, it would minimize the underlying offense, and in this Courts position, not doing justice for the victim or the victims [sic.] family. **Therefore, the Court FINDS, AGAINST the Defendants Motion to Seal Record."**

{¶40}  R.C. 2953.31 and 2953.32 are designed to recognize that individuals with a single criminal infraction may be rehabilitated. *State v. Petrou* (1984), 13 Ohio App.3d 456, 469 N.E.2d 974. As noted above, a trial court must make the necessary findings required by R.C. 2953.32 and weigh the interests of the parties to the expungement and cannot deny the motion for expungement because of the nature of the offense. In the case sub judice, it is clear from the written record that the trial court denied appellant's motion based on the nature of his offense.  The trial court failed to make any findings with respect to appellant's interest in having the records sealed, the government's need to maintain records, and whether appellant had been rehabilitated to the satisfaction of the trial court.

**{¶41}** Accordingly, for the foregoing reasons, appellant's assignment of error is sustained. The judgment of the Perry County Court is reversed and this matter is remanded to the trial court for further proceedings. Upon remand, the trial court is directed to make the findings required by R.C. 2953.32(C).

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0525

[Cite as *State v. Poole*, 2011-Ohio-2956.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSHUA M. POOLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-21 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court is reversed and this matter is remanded to the trial court for further proceedings. Upon remand, the trial court is directed to make the findings required by R.C. 2953.32(C). Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY