[Cite as *State v. Miller*, 2018-Ohio-3452.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-COA-05 |
| MARQUITTA MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland Municipal Court, Case No. 15CRB1059

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 27, 2018

APPEARANCES:

For Plaintiff-Appellee

ANDREW BUSH
Assistant Law Director
1213 E. Main Street
Ashland, OH 44805

For Defendant-Appellant

KENNETH MIRKIN
DAWN SPIGGS
Community Legal Aid Services, Inc.
50 S. Main Street, 8th Floor
Akron, OH 44308

*Gwin, P.J.*

{¶1} Appellant M.M. appeals from the January 10, 2017 Judgment Entry of the Ashland Municipal Court overruling her application to seal her record of conviction.

*Facts and Procedural History*

{¶2} On October 27, 2015, M.M. appeared in Ashland Municipal Court and pled guilty to speeding and possession of marijuana, both minor misdemeanors.

{¶3} On or about May 5, 2017, M.M. applied to the trial court to seal the record of her possession of marijuana conviction pursuant to R.C. 2953.31. On August 28, 2017, the trial court conducted a hearing upon M.M.'s application. M.M. appeared with counsel. At the conclusion of the hearing, the trial court took the case under advisement. On January 10, 2018, the trial court issued an order denying M. M.'s application to seal her criminal record. The court held that although M. M. was eligible to have her record sealed, the state had an interest in maintaining the conviction.

*Assignment of Error*

{¶4} M.M. raises one assignment of error,

{¶5} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MS. MILLER'S APPLICATION TO SEAL HER MINOR MISDEMEANOR CONVICTION."[1]

*Law and Analysis*

{¶6} In her assignment of error, M.M. contends that the trial court abused its discretion in denying her application to seal her record because the trial court failed to make any findings with respect to M.M.'s interest in having the records sealed.

---

[1] We note Appellant attempts to raise a second assignment of error in her Notice of Filing of Citation of Additional Authorities under Ohio App.R. 21(I), filed Aug. 2, 2018. This she may not do. *See, State ex rel. Colvin v. Brunner,* 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶61; *Am. Fiber Sys., Inc. v. Levin,* 125 Ohio St.3d 374, 2010-Ohio-1468, 928 N.E.2d 695, ¶21.

**STANDARD OF APPELLATE REVIEW.**

**{¶7}** Because expungement is a privilege and not a right, a trial court shall only grant expungement to an applicant who meets all the requirements presented in R.C. 2953.32. *State v. Morris*, 5th Dist. Licking No. 09–CA–128, 2010–Ohio–2403, ¶ 8, *citing State v. Simon,* 87 Ohio St.3d 531, 533, 2000–Ohio–474, 721 N.E.2d 1041. An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion. *State v. Poole*, 5th Dist. Perry No. 10–CA–21, 2011–Ohio–2956, ¶ 11, *citing State v. Widder*, 146 Ohio App.3d 445, 766 N.E.2d 1018, 2001–Ohio–1521, ¶ 6 (9th Dist.).

**{¶8}** An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

**ISSUE FOR APPEAL.**

*Whether the trial court abused its discretion by denying M.M.'s application for expungement without "weighing" the factors of R.C. 2953.32(C)(1)(e.)*

**{¶9}** In considering an application to seal a record of conviction, a trial court must comply with R.C. 2953.32. R.C. 2953.32(C)(1) requires the trial court to do the following:

> (a) Determine whether the applicant is an eligible offender * * *;

> (b) Determine whether criminal proceedings are pending against the applicant;

(c) * * * [D]etermine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection; [and]

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records.

{¶10} In the case at bar, the parties agree that the trial court found M.M. to be an "eligible offender" as defined by R.C. 2953.31(A), the court did not find any pending criminal proceedings, and the prosecutor did not file an objection. M.M. argues the trial court did not weigh the interest of M.M. in having her record sealed. However, during the hearing, the Court noted,

And that does not end the Court's inquiry, Ms. Miller, what that means essentially that it appears to me that you are eligible for this release that you seek. There are two other stages to the process, the first one is that I am required to balance your interest in having this record sealed against any interest that the State would have in maintaining the record, and in order to do that, I am going to have to have some testimony from you as to how this has affected your life, and why you feel the need to have it sealed.

*Motion to Seal Records,* filed Mar 19, 2018 at 4. The Court then heard testimony that M.M. is a single mother solely responsible for the welfare of her two minor children.

The court also heard M.M.'s testimony concerning the negative effects this conviction had and continues to have on her ability to obtain and maintain employment, further her education, and find safe and stable housing for her family.

{¶11} In the Judgment Entry denying the application, the trial court found,

> However, Defendant has not rehabilitated herself to the satisfaction of the Court. She shows no genuine remorse for her actions. Her attitude towards her own criminal conduct could best be described, as unrepentant, defiant and dismissive. Further, the State's need to maintain the record of Defendant's conviction out-weighs Defendant's interest in sealing it, in the Court's view.

*Judgment Entry,* filed Jan. 10, 2018 at 2. It is well established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967). The Court specifically noted the concerns in the present case,

> Well, let me tell you what concerns me about this, Ms. Miller, obviously, it's a Minor Misdemeanor, and this Court is pretty free in sealing those because of the fact it's a Minor Misdemeanor, and you did take care of your obligations to the Court, paid your fine long ago. The issue that I have with this one, there is really two -- three actually, one, any time that we have someone that works in the healthcare field and it's a drug conviction, it's a type of ease very often on a Minor Misdemeanor usually we are asked to seal disorderly or minor marijuana cases like this. Very often I look at that and I think that the State doesn't have any interest

in maintaining these records, so it's a very low burden in terms of outweighing that, but whenever you have a health worker, I don't think that is true, I think when you have someone that works in the health field, the State does have a significant interest in maintaining records of drug convictions, because society has an interest in not having people do drugs that work in the health profession because they have access to drugs.

And that is true with nurses and nurses aids, which apparently you are working on, which you are asking me to do if I seal this record, is put it beyond the reach of perspective employers, so someone that hires home health aides or works in a nursing home would not be able to know that you had the drug conviction back in 2015, and that is a serious thing for me to do. If that employer looks at that and thinks that is a lady that changed her life and doesn't do drugs anymore, and I am going to hire her, then God bless them. But if I seal that, they never have that opportunity to do that, and that is something that I think that the Court -- there is an interest here in the State. This is a type of case where the State has a significant interest because of the type of offense, and because what you are planning on doing for a living, so that is my first concern.

The other two, and I am not saying that I am not going to do this, but I want you to know what my thinking is. The other concern that I have is when people apply to seal records, they are required to fill out an

affidavit, and in the affidavit, they are asked to list every arrest, whether it resulted in a conviction or not, and you filled out that affidavit, and the only thing that you listed was two speeding citations. And one out of this Court, and one out of Chagrin Falls. But when we did a background check on you, we found an arrest for aggravated assault in the State of Illinois which you did not report on your affidavit.

Now what concerns me is that you did not report it, and it also concerns me that it happened. Now, it was out of the City of Evington and we did not have a whole lot of success getting information from them, but it's evident to me what we did receive, so this apparently did not result in a conviction. I don't know if there was some sort of pretrial diversion or what they did with it but the Court in Illinois is listing it as it was an assault with bodily harm, originally charged as aggravated assault, and they marked it as disposition not mandated to be reported, which is not clear to me what that means.

But I know it's not a conviction because if it was a conviction, they would be mandated to report it. We very often see that in cases where there is some sort of pretrial diversion. So I guess those are my concerns, the fact that – and this goes back to the date of -- the alleged assault was, let's see -- their records are just so different than ours, March 10th, 2006, which in looking at your date of birth, I don't think that you would have been a juvenile, so those are the concerns that the Court has.

*Motion to Seal Records,* filed Mar 19, 2018 at 8 – 11.  The Court heard testimony from M.M. concerning her reason for not reporting the aggravated assault.  The Court finally noted it understood "that you have a significant interest in having this sealed and it has had an impact on your life."  Id. at 15.

**{¶12}**  We cannot substitute our judgment for that of the trial court.  The record reflects that, in ruling on M.M.'s application, the trial court expressly considered and carefully weighed M.M.'s interest in securing better employment, providing for her children and bettering herself against the state's interests in keeping the record of his convictions open and available to the public.

**{¶13}**  Mindful of our standard of review, on the record before us, we cannot say that the reasons given by the trial court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or that the judgment reaches an end or purpose not justified by reason and the evidence.

**{¶14}**  M.M.'s sole assignment of error is overruled.

{¶15}  The judgment of the Ashland County Municipal Court is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur