[Cite as *State v. Boss*, 2019-Ohio-2586.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JORDAN BOSS | : | Case No. 18-COA-037 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Municipal Court,
Case No. 16CRB00407

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    June 27, 2019

APPEARANCES:

For Plaintiff-Appellee

ANDREW N. BUSH
1213 East Main Street
Ashland, OH 44805

For Defendant-Appellant

JOSEPH P. KEARNS, JR.
P.O. Box 345
153 West Main Street
Ashland, OH 44805

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Jordan Boss, appeals the October 19, 2018 judgment entry of the Municipal Court of Ashland County, Ohio denying his motion to seal his record. Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 16, 2016, appellant was convicted of one count of domestic violence in violation of R.C. 2919.25(C), a fourth degree misdemeanor. He was sentenced to thirty days in jail with twenty days suspended, and was placed on probation for one year. He completed his probation on June 1, 2017.

{¶ 3} On August 20, 2018, appellant filed a motion for the expungement and sealing of records. A hearing was held on September 10, 2018. By judgment entry filed October 19, 2018, the trial court denied the motion.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT IN HIS APPLICATION TO SEAL THE RECORD."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court erred in denying his motion to seal his record. We disagree.

{¶ 7} We review a trial court's decision to grant or deny a motion to seal records under an abuse of discretion standard. *State v. Poole,* 5th Dist. Perry No. 10-CA-21, 2011-Ohio-2956, ¶ 11, citing *State v. Widder,* 146 Ohio App.3d 445, 2001-Ohio-1521,

766 N.E.2d 1018, ¶ 6 (9th Dist.). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 8} Expungement is a privilege and not a right. An applicant must meet the requirements set forth in R.C. 2953.32 which governs sealing of record. *State v. Morris*, 5th Dist. Licking No. 09-CA-128, 2010-Ohio-2403, ¶ 8, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. Subsection (C) requires the trial court to consider the following in pertinent part:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 9}  Appellant argues the trial court abused its discretion in considering the factors and denying his motion.

{¶ 10} Appellant was convicted of domestic violence in violation of R.C. 2919.25(C) which states: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."  Appellant had threatened to kill his wife.

{¶ 11} A hearing on the application was held on September 10, 2018.  The trial court found appellant was an eligible offender, he did not have any pending criminal proceedings against him, and the prosecutor did not file an objection.  T. at 3-4.  The trial court then noted (T. at 4):

> And what the Court needs to do to determine whether or not I am going to seal it is essentially balance your interest in having this record sealed against any needs that the State may have to maintain it, and also the Court is to make an independent determination of whether or not I feel that you have rehabilitated yourself to a satisfactory degree.  So those are the two things that I need to decide.

{¶ 12} The trial court heard testimony from appellant, relating that he completed anger management classes and received counseling.  T. at 6-7.  He stated his action was a mistake, he apologized, and noted "it was an embarrassment for myself and for my family."  T. at 7.  Appellant explained he has custody of his two children and he has had difficulty securing employment and housing because of his conviction.  T. at 8-9.

Appellant admitted to the trial court that he shoved his wife while she was holding their infant and he threatened to kill her because she touched his PS-4. T. at 16.

{¶ 13} The trial court acknowledged appellant's testimony, and noted employers have a right to know that he committed an act of domestic violence, "[t]hat if I were to run a day care and I was thinking about hiring you, I would sure want to know that you did this. And if I seal this record, those employers will never be able to find out about that." T. at 17.

{¶ 14} In its October 19, 2018 judgment entry denying the motion, the trial court stated the following:

The State has a significant interest in assuring that potential employers, and others, can access records related to Domestic Violence convictions. Further, under Ohio Law, any subsequent violation of Section 2919.25 by Defendant would become a Second Degree Misdemeanor. It appears to the Court, that this possible enhancement for future offenses would not preclude sealing Defendant's record. However, the serious nature of the offense, along with the fact that domestic abusers tend to have a very high rate of recidivism, gives the Court pause.

{¶ 15} The trial court noted appellant "now claims to have learned something from the process, but the Court does not really find his assertions credible." The trial court concluded: "However, the State's need to maintain the record of Defendant's conviction

out-weighs Defendant's interest in sealing it, in the Court's view. Further, the Court is not convinced Defendant has rehabilitated himself to a satisfactory degree."

{¶ 16} It is well established that the trier of fact is in a far better position to observe the witness's demeanor and weigh his/her credibility. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). After hearing from appellant, the trial court concluded the state's interest in maintaining the record outweighed appellant's interest in sealing his conviction. We find the record supports this conclusion.

{¶ 17} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion to seal his record.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db 612