[Cite as *State v. Kompa*, 2023-Ohio-3313.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 22CA120085 |
| | : | |
| BRIAN KOMPA | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware Municipal
Court, Case No. 17CRB3093 A-C

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      September 18, 2023

APPEARANCES:

For Plaintiff-Appellee:

AMELIA BEAN-DEFLUMER
DELAWARE CITY PROSECUTOR
70 N. Union St.
Delaware, OH 43015

For Defendant-Appellant:

JOEL M. SPITZER
97 S. Liberty St.
Powell, OH 43065

*Delaney, J.*

{¶1} Appellant Brian Kompa appeals from the November 21, 2022 Judgment Entry Denying the Defendant's Application For the Sealing of Records in this Case of the Delaware Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In 2017, appellant was charged with assault, domestic violence, and disorderly conduct arising from an incident with Jane Doe, his wife.

{¶3} On April 18, 2018, appellee moved to dismiss the domestic violence and disorderly conduct charges in exchange for appellant's plea of guilty to one charge of assault, a misdemeanor of the first degree, with a stipulation the victim was a family or household member.

{¶4} On July 11, 2022, appellant filed an Application to Seal the Records of a Conviction or Bail Forfeiture on a Criminal Charge pursuant to R.C. 2953.32.  On August 29, 2022, appellee filed a memorandum in opposition to the motion. The trial court scheduled the matter for a hearing.

{¶5} At the hearing on November 21, 2022, appellant appeared with counsel. Defense trial counsel argued appellant was an eligible offender pursuant to the statute; he successfully completed community control but the record of the conviction prevented him from obtaining a job and life insurance.

{¶6} Appellee agreed appellant was an eligible offender, but argued the state's interest was paramount because assault against a family or household member is an enhanceable offense.  Appellee objected to sealing of the record of conviction.

{¶7} Jane Doe spoke on appellant's behalf at the hearing. She said the assault was an isolated event and the conviction affected the family negatively because appellant could not find a job.

{¶8} The trial court took the matter under advisement and overruled the application to seal by judgment entry.

{¶9} Appellant now appeals from the trial court's judgment entry of November 21, 2022.

{¶10} Appellant raises four assignments of error, *sic* throughout:

**ASSIGNMENTS OF ERROR**

{¶11} "I. APPELLANT'S FIRST POTENTIAL ARGUMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶12} "II. APPELLANT'S SECOND POTENTIAL ARGUMENT OF WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPLICATION TO EXPUNGE."

{¶13} "III. APPELLANT'S THIRD POTENTIAL ARGUMENT OF WHETHER THE COURT PROPERLY WEIGHED THE DEFENDANT'S INTERESTS AGAINST THE STATE'S INTERESTS."

{¶14} "IV. APPELLANT'S FOURTH POTENTIAL ARGUMENT OF WHETHER OR NOT THE COURT PROPERLY WEIGHED IF THE DEFENDANT HAS BEEN REHABILITATED."

**ANALYSIS**

I.

{¶15} In his first assignment of error, appellant argues he received ineffective assistance of defense trial counsel at the expungement hearing.  We disagree.

{¶16} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶17} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶18} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶19} In the instant case, appellant summarily argues he "has expressed his disappointment with the implications of the expungement hearing counsel's lack of

explanation during the hearing." Brief, 6. It is not clear to us whether appellant means counsel failed to adequately explain the expungement hearing to him, or to argue the expungement to the trial court. In short, appellant does not reveal what explanation he sought from defense trial counsel.  Upon our review, defense trial counsel adequately set forth the basis of the application to seal pursuant to R.C. 2953.32 on the record at the hearing.  Any explanation to appellant, or lack thereof, is not apparent from the record.

{¶20} Appellant has not established ineffective assistance of counsel and the first assignment of error is overruled.

II.-IV.

{¶21} Appellant's second, third, and fourth assignments of error are related and will be considered together. Appellant argues the trial court abused its discretion in denying the application to seal his conviction because his interests outweigh appellee's, and the trial court did not adequately consider whether he has been rehabilitated. We disagree.

{¶22} An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion. *State v. Poole*, 5th Dist. Perry No. 10–CA–21, 2011–Ohio–2956, ¶ 11, *citing State v. Widder*, 146 Ohio App.3d 445, 766 N.E.2d 1018, 2001–Ohio–1521, ¶ 6 (9th Dist.).  As a general rule, a trial court's decision on expungement will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Cantrell*, 5th Dist. Richland No. 06CA105, 2007-Ohio-3671, ¶ 8, citing *State v. Muller*, 5th Dist. Knox No. 99CA18, unreported (November 6, 2000). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Hutchins*, 5th Dist. Muskingum No. CT2018-0032, 2018-Ohio-

5382, ¶ 22, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} "Expungement is an act of grace created by the state, and so is a privilege not a right." *Id.*, at ¶ 9, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), internal citation omitted. At the time of the expungement hearing, R.C. 2953.32(C)(1) stated the following regarding the trial court's obligations:

The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *. * * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) ) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;

(f) If the applicant is an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code, determine

whether the offender has been rehabilitated to a satisfactory degree.

In making the determination, the court may consider all of the following:

> (i) The age of the offender;
>
> (ii) The facts and circumstances of the offense;
>
> (iii) The cessation or continuation of criminal behavior;
>
> (iv) The education and employment of the offender;
>
> (v) Any other circumstances that may relate to the offender's

rehabilitation.

{¶24} In the instant case, the trial court determined appellant was an eligible offender but denied the application to seal because his interests are outweighed by appellee's need to maintain the record of the conviction. Judgment entry, 2. The trial court reasoned the nature of the assault charge is an escalating misdemeanor that would enhance the penalty level of any future offense of violence against a family or household member. See, *State v. Boss*, 5th Dist. Ashland No. 18-COA-037, 2019-Ohio-2586, ¶ 16 [after hearing from appellant, trial court concluded state's interest in maintaining record of domestic violence conviction outweighed appellant's interest in sealing conviction].

{¶25} The trial court also noted appellant was released from community control "for a little over a year," indicating his rehabilitation is still subject to question. Judgment entry, 2. The trial court acknowledged the effect of the conviction on appellant's job search but determined overall appellee's interest in maintaining the record of the conviction outweighed appellant's interest in having it sealed.

{¶26} A trial court is not required to make express findings in granting or denying an application for sealing. *State v. Sherfey*, 5th Dist. Fairfield No. 18-CA-23, 2019-Ohio-1225, ¶ 15. The record, however, must reflect that the court complied with R.C. 2953.32's mandates in making its decision. *Id.*, citing *State v. Smith*, 9th Dist. Medina No. 13CA0043-M, 2014-Ohio-2232, ¶ 10, internal citations omitted.

{¶27} Here, the trial court heard arguments for and against the motion from appellee and defense trial counsel. In its subsequent judgment entry the trial court denied appellant's motion to seal his record because appellee's interest in maintaining the record outweighed appellant's interest in sealing the matter. We find the record supports this conclusion and therefore find no abuse of discretion. *State v. Sherfey*, 5th Dist. Fairfield No. 18-CA-23, 2019-Ohio-1225, ¶ 17.

{¶28} Appellant's second, third, and fourth assignments of error are overruled.

**CONCLUSION**

{¶29} The four assignments of error are overruled and the judgment of the Delaware Municipal Court is affirmed.

By:  Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.