[Cite as *State v. Dickerson*, 2020-Ohio-3489.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-19-1152

           Appellee                          Trial Court No. TRC 1802390A

v.

Thomas A. Dickerson                        **<u>DECISION AND JUDGMENT</u>**

           Appellant                          Decided:  June 26, 2020

* * * * *

Matthew E. Exton and Daniel T. Ellis, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Thomas A. Dickerson, appeals from the July 3, 2019 judgment of the Sylvania Municipal Court denying appellant's motion to seal the record of Sylvania Municipal Court case No. TRC 1802390A (hereinafter "the 2018 case"), which was dismissed without prejudice, and granting his motion to seal the record of Sylvania Municipal Court case No. TRC 1900656A (hereinafter "the 2019 case"), which was dismissed with prejudice.  For the reasons which follow, we reverse.

{¶ 2} On appeal, appellant assert the following assignments of error:

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING AN INCORRECT LEGAL STANDARD WHETHER TO SEAL THE RECORDS OF THOMAS A. DICKERSON.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO SEAL.

## 2018 Case

{¶ 3} In 2018, appellant was charged with two violations following a collision on April 21, 2018: operating a motor vehicle under the influence, R.C. 4511.19(A)(1), (hereinafter "OVI") and without an assured-clear-distance-ahead, Sylvania Codified Ordinance 333.03(A), (hereinafter "ACDA"). The case was later dismissed without prejudice.

## 2019 Case

{¶ 4} In 2019, appellee refiled the case, charging the same OVI offense and changing the ACDA charge to a violation of R.C. 4511.21(A). Pursuant to a plea agreement, appellant entered a no contest plea to the ACDA offense and the OVI offense was dismissed with prejudice because the officer involved no longer worked for the Sylvania police department and was unavailable to testify.

2.

**Motion to Seal the 2018 and 2019 Cases**

{¶ 5} Appellant moved to seal the records in both cases. At the hearing on the motion, appellant produced evidence and sworn testimony that the records were damaging his reputation in the community and his employment and causing him financial hardship because his insurance rates had increased. Initially, the state objected to sealing the record in the 2018 case anticipating the OVI charge would be refiled. However, at the hearing, the state withdrew its objection. The trial court granted the motion as to the 2019 case but denied it as to the 2018 case. Appellant appeals.

**First Assignment of Error**

{¶ 6} On appeal, appellant argues in this first assignment of error that the trial court erred as a matter of law by applying an incorrect legal standard in denying his motion to seal the 2018 case.

{¶ 7} R.C. 2953.52(A)(1) provides that a criminal defendant who was found not guilty or who was named in a dismissed criminal complaint has a statutory privilege to request that their criminal record be sealed. *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 15. The statute gives the trial court the discretion to determine whether to seal the record. *State v. S.R.*, 63 Ohio St.3d 590, 596, 589 N.E.2d 1319 (1992), *superseded by statute on other grounds as stated in In re Application to Seal Record of No Bill*, 131 Ohio App.3d 399, 402, 722 N.E.2d 602 (3d Dist.1999); *State v. Lesinski*, 82 Ohio App.3d 829, 830, 613 N.E.2d 691 (6th Dist.1992). Whether or not the trial court complied with the statute, however, is a question of law, which is reviewed

under a de novo standard of review. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 8} Upon the filing of an application to seal a criminal record of the type of case presented here, the trial court must hold a hearing to determine the following facts: 1) whether the movant was found not guilty or the criminal action was dismissed; 2) whether a dismissed action was dismissed with prejudice or, if not, whether the relevant statute of limitations has expired; 3) whether any other criminal actions are pending against the person; 4) whether the state has filed an objection to the motion; and 5) the weight of the interests of the movant in having the official records sealed and the legitimate needs of the government to maintain those records. R.C. 2953.52(B)(2)(a)-(d). After making these findings, the trial court must order the record to be sealed if the trial court finds the defendant was found not guilty, the complaint was dismissed, no criminal proceedings against the person are pending, and "the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records." R.C. 2953.52(B)(4).

{¶ 9} In his first assignment of error, appellant contends the trial court applied the wrong standard when weighing the relative interests of the parties regarding the 2018 case. The trial court found that the record should not be sealed in the 2018 case because "the State's significant interest in maintaining Defendant's record of a dismissed OVI charge is not outweighed by Defendant's interest in having the record sealed." Appellant asserts the trial court should have determined whether appellant's interests were

4.

outweighed by the government's legitimate needs, not whether the government's legitimate needs were outweighed by appellant's interests.

{¶ 10} We agree with appellant that the trial court did not state its findings in compliance with the statute. The statutory language regarding the weighing of interests reflects the intent to place the burden on the movant to demonstrate that his interests are at least equal to the governmental interests before the trial court must determine if sealing the record would be appropriate. *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th Dist.1991). Furthermore this language also reflects the General Assembly's intention of favoring the sealing of records if specific requirements are met. *Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, at ¶ 17. Therefore, the court must determine if the government's interest outweighs the movant's interests. If the interests are equal, the trial court must grant the motion to seal the record. R.C. 2953.52(B)(4).

{¶ 11} Because the trial court applied the wrong standard, we find appellant's first assignment of error well-taken.

## Second Assignment of Error

{¶ 12} In his second assignment of error, appellant argues the trial court abused its discretion when weighing the interests regarding appellant's motion to seal his 2018 criminal record. Because the trial court applied the wrong standard and must reconsider the weighing of the interests of the parties, we find appellant's second assignment of error moot.

5.

**{¶ 13}** Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Sylvania Municipal Court is reversed. Appellant's motion to substitute brief and motion to amend case caption are denied. This case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the court costs pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____

                                                                  JUDGE

Arlene Singer, J.                

                                                            _____

Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                                            _____

                                                                   JUDGE

> This decision is subject to further editing by the Supreme Court of
> Ohio's Reporter of Decisions. Parties interested in viewing the final reported
> version are advised to visit the Ohio Supreme Court's web site at:
> http://www.supremecourt.ohio.gov/ROD/docs/.

6.