[Cite as *State v. Fasnaugh*, 2023-Ohio-3539.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Kurt Fasnaugh

        Appellant

Court of Appeals Nos.  L-23-1005
                   L-23-1006

Trial Court Nos.  CR0200802070
              CR0200802697

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 29, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Angela M. Zavac, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In these consolidated appeals, the defendant-appellant, Kurt Fasnaugh, appeals two judgments by the Lucas County Court of Common Pleas that denied his requests to seal official records relating to criminal cases filed against him in 2008.  For the reasons discussed below, we reverse and remand these matters to the trial court to

engage in the full analysis required by the relevant record-sealing statutes, R.C. 2953.52 and 2953.32.

## I. Background

{¶ 2} On May 8, 2008, appellant was indicted on a single count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree (case No. 2008-2070). According to the indictment, appellant was alleged to have had illegal sexual contact with his then-girlfriend on or about December 29, 2007. At a hearing held on July 28, 2008, a nolle prosequi was entered at the request of the state.

{¶ 3} On that same day, July 28, 2008, a new case was filed against appellant by way of information (case No. 2008-2697). In that case, appellant was charged with disorderly conduct, in violation of R.C. 2917.11(A)(2), a misdemeanor of the fourth degree. The new charge related to the same alleged incident involving appellant and his girlfriend. After waiving his right to be prosecuted by way of indictment, appellant pled guilty to the disorderly conduct offense. The plea agreement makes specific reference to the state's nolle prosequi in the other case. The trial court convicted appellant of disorderly conduct and imposed a suspended jail sentence. It also imposed a probationary term of six months and ordered appellant to have no contact with the victim.

{¶ 4} Fourteen years later, on September 28, 2022, appellant filed motions to seal the dismissed indictment and misdemeanor conviction. In each motion, appellant asserted,

2.

Defendant states that he is an eligible offender under the statute and that the interests of the State in maintaining this record do not outweigh his interests in having the matter sealed.

Defendant additionally states that having this case on his record hinders his ability to advance in his employment and/or to seek additional, better employment.

Defendant further advises that he legally changed his name in the Lucas County Common Pleas Court to Brady Nicholson because his father was a registered sex offender and having the same name caused the Defendant to have all kinds of additional problems.

{¶ 5} The matters were called for a joint hearing on November 22, 2022. At that time, the state expressed its objection to the sealing of records and added that it had not been able to reach the victim. The trial court postponed the hearing to allow time for the parties to reach a "meeting of the minds" and for "further research."

{¶ 6} The matter was recalled on December 6, 2022, and following arguments by both sides, the trial court denied the motions. Appellant appealed. Acting sua sponte, we consolidated the appeals. Appellant raises two assignments of error for our review:

I. The trial court erred when it denied the motion to seal the record of the dismissed charge on case number CR-2008-2070, which was Nollied on 7/28/2008, the statute of limitations on the alleged offense has long past,

3.

and the State expressed no "legitimate needs, if any, of the government to maintain those records." nor [sic] did the court weigh those alleged needs as required by then R.C. 2953.32(B)(2)(d). [SIC]

II. The trial court erred when it denied the motion to seal the record of a Misdemeanor of the 4th Degree Disorderly Conduct charge prosecuted under an information which contained no factual basis for the charge for which a guilty plea was entered before Judge Ruth Ann Franks on 7/28/2008 in case # CR-2008-2697, where, the State, as above, did not express any legitimate need to maintain the records, nor was that need weighed, pursuant to R.C. 2953.32, wherein the suspended sentence of 30 days in jail was concluded over a decade ago [SIC]

## II.     Law and Analysis

{¶ 7} Ohio law sets forth differing procedures for sealing dismissed charges versus sealing prior convictions. R.C. 2953.52 (now renumbered as R.C. 2953.33) applies to criminal charges that have been *dismissed*, whereas R.C. 2953.32 applies to criminal *convictions*. *State v. G.K.,* 169 Ohio St.3d 266, 2022-Ohio-2858, 203 N.E.3d 701, ¶ 5-6 (identifying R.C. 2953.52 as the "nonconviction-sealing statute" and R.C. 2953.32 as the "conviction-sealing statute"). Because appellant seeks to have records sealed as to his dismissed indictment *and* his misdemeanor conviction, both statutes apply.

4.

**{¶ 8}** Although these statutes were amended in 2023 (and R.C. 2953.52 was renumbered as R.C. 2953.33), appellant filed his motions on September 28, 2022. We therefore apply the prior versions of these statutes because the statutory law in effect at the time the motions were filed is controlling. *State v. Cruz,* 12th Dist. Butler Nos. CA2021-06-066, CA2021-06-067, CA2021-06-068, 2021-06-069, 2021-06-070, 2021-Ohio-4241, ¶ 25 citing *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.

### A. Appellant's application to seal case No. 2008-2070

**{¶ 9}** Former R.C. 2953.52 ("Application to have records sealed; grounds; order") applies to sealing records of acquittals and dismissals. Relevant here, R.C. 2953.52 (A)(1) provides that, "[a]ny person * * * who is the defendant named in a dismissed * * * indictment, * * * may apply to the court for an order to seal the person's official records in the case." *Id.* Except as provided by R.C. 2953.61, the application may be filed, "at any time after * * * the dismissal of the * * * indictment is entered upon the minutes of the court or the journal, whichever entry occurs first." *Id.*

**{¶ 10}** Upon the filing of an application, "the court shall set a date for a hearing and shall notify the prosecutor." The prosecutor "may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." R.C. 2953.52(B)(1).

{¶ 11} The trial court must then confirm that the applicant is eligible for record-sealing. Relevant here, the trial court was required to determine (1) whether the indictment was dismissed, (2) whether the dismissal was with or without prejudice (and, if without, whether the statute of limitations has expired), and (3) whether any criminal proceedings were pending against the applicant. R.C. 2953.52(B)(2)(a) and (b).

{¶ 12} Once the court determines that the applicant is "eligible for record sealing, it must use its discretion to" (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. *Cruz* at ¶ 20, citing R.C. 2953.52(B)(2)(c) and (d). Importantly, the trial court must make the findings required by R.C. 2953.52(B)(2) on the record. *Cruz* at ¶ 22.

{¶ 13} If the court determines that the factors set forth in Section (B)(2) are met, including that "the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records * * * the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4). As this court has recognized, "[t]he statutory language regarding the weighing of interests reflects the intent to place the burden on the movant to demonstrate that his interests are at least equal to the governmental interests***. If the interests are equal, the trial court must grant the motion to seal the record." *State v. T.D.*, 6th Dist.

6.

Lucas No. L-19-1152, 2020-Ohio-3489, ¶ 10. That is, the statutory language "reflects the General Assembly's intention of favoring the sealing of records if specific requirements are met." *Id.*

{¶ 14} We review a trial court's determinations under R.C. 2953.52 for an abuse of discretion. *Id.*

{¶ 15} Here, as to the gross sexual imposition offense, appellant argued at hearing that the record should be sealed because there was insufficient evidence to support such a charge—which is why the indictment was dismissed. He also claimed that sealing the record would help to separate him from his father, who bears the same name and who *was* convicted of sex offenses. The prosecutor countered that, based upon her review of the file from 2008, there was credible evidence to support the charge and that the plea would have been "dealt with [in a] vastly different[] way in today's era." It urged the court to deny the motion to seal.

{¶ 16} Before reaching a decision, the trial court asked "if these matters were to be sealed and expunged respectively [would] access to those files and documentation * * * be much more difficult for investigators and the State of Ohio." The state claimed that it would be more difficult, but—as pointed out by appellant—not impossible. The court then decided, as to "both * * * Motion[s], [that] the government does indeed have a legitimate interest in maintaining the records of these proceedings and therefore, * * * the Defendant's Motions not well taken and denied." *Id.*

7.

**{¶ 17}** The trial court, however, did not make all of the findings required by R.C. 2953.52 on the record. Although the record indicates that the trial court reviewed "the report prepared by the Lucas County Adult Probation Department" (and therefore likely reviewed appellant's criminal background since 2008, if any), the record does not contain any express findings regarding the appellant's eligibility for record sealing. Likewise, although the trial court heard arguments in favor of and against sealing, and found that the government had a legitimate interest in maintaining the record of these proceedings, the record lacks any indication that it *weighed* those interests against the appellant's interest in having the records sealed. And, there is no finding that appellant's interest in sealing the records was outweighed by the legitimate interests of the government, as required to support its decision to deny appellant's motion. R.C. 2953.52(B)(2)(d).

**{¶ 18}** A trial court abuses its discretion in ruling on an application to seal dismissed charges if it fails to balance the requisite factors on the record. *Id. See also State v. Severino*, 11th Dist. Ashtabula No. 2009-A-0045, 2010-Ohio-2674, ¶ 22, 32. For example, in *State v. Cruz,* the judgment denying a motion to seal was reversed where the trial court "did not assess on the record" whether the relevant charges against defendant had been dismissed or whether defendant had any pending criminal proceedings at that time, and further failed to hear any testimony regarding the parties' competing interests or to weigh those interests as required by R.C. 2953.52(B)(2)(d). Instead, it "summarily and categorically" denied the applicant's application, requiring a remand. *Id.* at ¶ 21; *see*

8.

*also In re Dumas*, 10th Dist. Franklin No. 06AP-1162, 2007-Ohio-3621, ¶ 11 ("R.C. 2953.52(B)(2)(d) contains a balancing test in which the trial court must engage.").

{¶ 19} Here, the record does not indicate appellant's eligibility for sealing records, and fails to indicate that the court weighed the parties' respective interests as required by R.C. 2953.52. The trial court therefore erred in denying appellant's application to seal the record as to case No. 2008-2070. Accordingly, we find appellant's first assignment of error well-taken.

### B. Appellant's application to seal in case No. 2008-2697

{¶ 20} A criminal record containing a conviction may also be sealed under certain circumstances. Former R.C. 2953.32 ("Sealing of record of eligible offender") provides, in relevant part, that "an eligible offender may apply to the sentencing court if convicted in this state, * * * for the sealing of the record of the case that pertains to the conviction." R.C. 2953.32(A)(1). In the case of a misdemeanor conviction, an application "may be made * * * [a]t the expiration of one year after the offender's final discharge." R.C. 2953.32(A)(1)(b).

{¶ 21} Like the nonconviction-sealing statute, when an application to seal is filed under R.C. 2953.32, the trial court "shall set a date for a hearing and shall notify the prosecutor * * * [who] may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." R.C. 2953.32(B). Additionally, the trial court "shall direct * * * the department of probation of the county in which the

9.

applicant resides to make inquiries and written reports as the court requires concerning the applicant," including to determine whether the applicant was fingerprinted. *Id.*

{¶ 22} If the applicant is determined to be eligible under Section (A)(1), then the court "shall" also:

> (a) [Inapplicable] (b) Determine whether criminal proceedings are pending against the applicant; (c) * * * [D]etermine whether the applicant has been rehabilitated to the satisfaction of the court; (d) * * * [C]onsider the reasons against granting the application specified by the prosecutor in the objection [if any]; (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * against the legitimate needs, if any, of the government to maintain those records; (f) [Inapplicable].

{¶ 23} R.C. 2953.32(C)(1). *See also State v. Poole,* 5th Dist. Perry No. 10-CA-21, 2011-Ohio 2956, ¶ 12. If the court determines that the factors set forth in Section (C)(1) are met—including that "the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records"—the trial court "shall order all official records of the case that pertain to the conviction * * * sealed and * * * all index references to the case that pertain to the conviction * * * deleted." R.C. 2953.32(C)(2).

10.

{¶ 24} R.C. 2953.32 is "analogous" to the nonconviction-sealing statute, and the "balancing test[s]" that trial courts must apply when weighing the parties' respective interests, are "the same." *Id.* at ¶ 22, 32. Accordingly, if the interests of the applicant and the government are equal, and the other requirements of R.C. 2953.32 have been met, the trial court must grant the motion to seal. *See T.D.* at ¶ 10. Likewise, "[a] trial court must include proper findings in its judgment entry to illustrate compliance with R.C. 2953.32." *State v. Bates,* 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260, ¶ 24 (Where the trial court failed to make any findings with respect to the defendant's interest in having records sealed, the government's need to maintain records, and whether the defendant has been rehabilitated, the record fails to support the court's denial of motion to seal under R.C. 2953.32). *Accord Poole* at ¶ 40 (Where it is "clear from the written record" that the trial court denied the motion to seal based on the "nature of the offense" and failed to make any findings under R.C. 2953.32(C)(1), the matter must be reversed and remanded.).

{¶ 25} Here, the trial court failed to indicate on the record whether appellant was eligible to have his conviction sealed under R.C. 2953.32. In addition, there is no indication that it weighed the parties' respective interests, and there is no finding that appellant's interest in having the record sealed was outweighed by the government's interest in maintaining the record, as required by R.C. 2953.32(C)(1)(e). The trial court also failed to make any finding regarding whether appellant has been rehabilitated to the

11.

satisfaction of the court, as required by R.C. 2953.32(C)(1)(c). Therefore, we find that the trial court erred in denying appellant's motion to seal, and his second assignment of error is found well-taken.

### III. Conclusion

{¶ 26} We find appellant's assignments of error well-taken. We reverse and remand these matters for the trial court to conduct the full analysis required by R.C. 2953.52 and 2953.32, and to place its findings on the record. If the trial court concludes that appellant is eligible to have his records sealed, under either or both provisions, then the merits of appellant's applications should be considered under the guidelines set forth above. Accord *State v. Cruz* at ¶ 33. We expressly offer no opinion regarding the merits of appellant's motions.

{¶ 27} Costs are hereby assessed to the state, pursuant to App.R. 24. Judgment reversed and remanded.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
Charles E. Sulek, J.                                            JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.