[Cite as *State v. Moussa*, 2024-Ohio-3429.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

Samer A. Moussa

    Appellant

Court of Appeals No. L-23-1131

Trial Court No. CRA021001671

**DECISION AND JUDGMENT**

Decided: September 6, 2024

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Samer Moussa, appeals from the May 3, 2023 judgment of the

Toledo Municipal Court denying his motion for expungement and to seal the record of a

conviction. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On February 27, 2021, Moussa was charged with one count of domestic violence with a prior conviction in violation of R.C. 2919.25(A), a fourth-degree felony, in Toledo Municipal Court in case no. CRA-21-01671. According to the complaint, the victim was the mother of Moussa's children. Moussa appeared for a preliminary hearing before Judge Michelle Wagner on March 1, 2021.

{¶ 3} On March 8, 2021, the state agreed to amend the charge to one count of assault in violation of R.C. 2903.13, a first-degree misdemeanor. That same day, Moussa entered a no-contest plea before Judge William Connelly, Jr., who sentenced Moussa to a suspended prison term of 180 days along with a year of active probation. As conditions of his probation, Moussa was required to take domestic violence classes and have no contact with the victim.

{¶ 4} On July 1, 2022, Moussa moved for an order of expungement and sealing of the record of conviction in this case, asserting that all costs and fines had been paid, he had completed his probation on March 8, 2022, and he met the statutory criteria to have his record expunged under R.C. 2953.32. Moussa also filed motions to expunge and seal the records in three other cases: a case from 2012, CRB-12-20437; a case from 2016, CRB-16-17655; and a case from 2022, CRB 22-00624. The motions were consolidated and assigned to Judge Connelly, who held a hearing on Moussa's motions in all four cases on August 15, 2022. During the hearing, Moussa's attorney moved to withdraw the motions in this case and in case no. CRB 22-00624, representing that they were "just not

2.

ripe yet." The court permitted Moussa to withdraw these motions. It then granted Moussa's motions to seal the records of the 2012 and 2016 cases.

{¶ 5} On April 4, 2023, Moussa filed a new motion for an order of expungement and sealing of the record of his conviction on the same grounds as his July 1, 2022 motion. Moussa had also filed a new motion in case no. CRB 22-00624. As before, the motions were consolidated, but this time they were assigned to Judge Joshua Lanzinger. At a hearing on the motions, Moussa's counsel asserted that Moussa owned a bar and that he needed to keep a clean record to obtain loans and work with the Lottery Commission and the Liquor Commission.

{¶ 6} In case no. CRB-22-00624, in which Moussa was convicted of failing to confine a dog, the trial court granted Moussa's motion to expunge and seal, noting that the case involved only a minor offense. As to this case, however, the trial court denied Moussa's motion. It explained that the charge was much more serious and was originally a fourth-degree felony.

{¶ 7} Moussa's counsel argued that Moussa was eligible for expungement according to statute and noted that the prosecutor had not filed an opposition to the motion. Further, Moussa's counsel alleged that at the August 15, 2022 hearing, Judge Connelly told him that Moussa had filed his motions in the instant case and case no. CRB-22-00624 too early, and he should refile them a year after Moussa had completed probation. According to Moussa's counsel, Judge Connelly further indicated that if

3.

Moussa refiled his motions at least a year after completing probation, the motions would be granted.[1]

{¶ 8} Judge Lanzinger pointed out that a different judge was present at that hearing. He also explained that he had supervised the probationary period for the instant case.

{¶ 9} The court then stated that although Moussa met some of the statutory criteria for expungement, he had not met his burden in establishing his rehabilitation to the court's satisfaction. Moussa was convicted of negligent assault in 2016 in case no. CRB-16-17655, and the court pointed out that Moussa's 2016 conviction and Moussa's 2021 conviction in this case both involved similar violent offenses. The court reasoned that Moussa had not been rehabilitated after his 2016 conviction or he would not have committed a similar offense five years later. Because only two years had passed since Moussa's conviction in the instant case, the court could not yet determine that Moussa had been rehabilitated. The court also found that Moussa's interests were outweighed by the needs of the government to maintain the record. Accordingly, the court denied Moussa's motion.

{¶ 10} Moussa never objected to the assignment of Judge Lanzinger, moved to transfer his motions to Judge Connelly, or otherwise sought the assignment of Judge Connelly to his motions.

---

[1] The transcript of the August 15, 2022 hearing does not contain any such statements from Judge Connelly.

4.

## II. Assignments of Error

{¶ 11} Moussa timely appealed the trial court's May 24, 2023 judgment, asserting two assignments of error for review:

1. The trial court abused its discretion and erred to the prejudice of Appellant by denying Appellant's motion to seal his record when he was an eligible offender.

2. The trial court erred in violation of local rule 15(D) in reassigning Appellant's case to a different judge than the one originally assigned to the case.

## III. Law and Analysis

### A. Motion to Expunge and to Seal

{¶ 12} "Expungement of a criminal record is an 'act of grace created by the state.'" *State v. Pariag*, 2013-Ohio-4010, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, (1996). Indeed, "the sealing of a criminal record is a '"privilege, not a right."'" *State ex rel. Cincinnati Enquirer v. Lyons*, 2014-Ohio-2354, ¶ 15, quoting *State v. Boykin*, 2013-Ohio-4582, ¶ 11, quoting *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶ 13} A trial court's denial of a motion to seal a conviction under R.C. 2953.32 is reviewed under an abuse-of-discretion standard. *State v. Gaines*, 2019-Ohio-5003, ¶ 10 (6th Dist.). Accordingly, a trial court's judgment denying the motion must be affirmed unless the ruling was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} R.C. 2953.32 governs a motion for expungement and to seal a criminal conviction. The statute provides that an applicant may move to expunge and to seal a misdemeanor conviction "at the expiration of one year after the offender's final

5.

discharge." R.C. 2953.32(B)(1)(b)(i). The trial court must have a hearing on the motion to consider the following:

> (a) Determine whether the applicant is an eligible offender …
> (b) Determine whether criminal proceedings are pending against the applicant;
> (c) … [D]etermine whether the applicant has been rehabilitated to the satisfaction of the court;
> (d) If the prosecutor has filed an objection …, consider the reasons against granting the application specified by the prosecutor in the objection;
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction …against the legitimate needs, if any, of the government to maintain those records.
> (f) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;
> …

R.C. 2953.32(D)(1).

{¶ 15} If the applicant establishes all of the statutory requirements, then "the trial court shall order all official records of the case that pertain to the conviction… sealed and… all index references to the case that pertain to the conviction…deleted." R.C. 2953.32(D)(2)(a); *see also State v. Fasnaugh*, 2023-Ohio-3539, ¶ 23 (6th Dist.). Further, the trial court's judgment entry must contain the findings required by R.C. 2953.32. *Fasnaugh* at ¶ 24.

{¶ 16} The applicant has the burden to "prove that he was rehabilitated in order to have his record of conviction sealed." *State v. M.D.*, 2012-Ohio-1545, ¶ 10. In determining whether the applicant has been successfully rehabilitated, a trial court's analysis may not rest solely on the nature of the crime. *See State v. Haas*, 2005-Ohio-4350, ¶ 24 (6th Dist.). Instead, "the trial court [must] determine if this specific defendant has been rehabilitated to the satisfaction of the court." *State v. Bates*, 2004-Ohio-2260, ¶

6.

26 (5th Dist.). "[T]he issue of rehabilitation is peculiarly subjective, requiring great deference to the trial court on the part of a reviewing court." *State v. Brooks*, 2012-Ohio-3278, ¶ 15 (2nd Dist.). Further, although a trial court's judgment cannot be based on the nature of the crime alone, a trial court may consider the gravity of the crime in making its determination. *See State v. Dewey*, 2021-Ohio-1005, ¶ 14-15 (11th Dist.).

{¶ 17} Here, Moussa was an eligible offender with no open criminal proceedings against him at the time of the hearing. The trial court, however, found that Moussa was not rehabilitated to the court's satisfaction and that the government's interests in maintaining the record of his conviction outweighed Moussa's interests in expungement and sealing the record. Moussa now argues on appeal that the trial court abused its discretion in finding that the government's interests outweighed his interests in having his record sealed. He states that as the owner of a bar, he has an interest in having his record sealed. Moussa also asserts that because he completed his probation and paid his fine, he "has done everything the court has asked of him," and therefore the trial court's decision denying his motion must have been based on the nature of his offense alone.

{¶ 18} Contrary to Moussa's assertions, however, the trial court did not rely solely on the nature of his offense in denying his motion. Instead, the trial court found that Moussa had not been rehabilitated to its satisfaction for multiple reasons, including the length of time since the conviction, Moussa's criminal history, and the violent nature of the offense. Specifically, the trial court pointed out that Moussa had been convicted of a similar violent offense in 2016, five years before the conviction at issue; therefore,

7.

Moussa had not been rehabilitated in the five years between his 2016 and 2021 convictions. Given that only two years had passed since Moussa's 2021 conviction at the time of the hearing, the trial court reasoned that insufficient time had passed to establish Moussa's rehabilitation.

{¶ 19} Based on the foregoing, the trial court did not abuse its discretion in denying Moussa's motion for expungement. Moussa's first assignment of error is found not well-taken.

### B. Assigned Judge

{¶ 20} In his next assignment of error, Moussa argues that the trial court erred in assigning Judge Lanzinger rather than Judge Connelly to his case. Moussa asserts that his motions to seal were filed in this case and in case no. CRB 22-00624. Moussa further claims that this case was assigned to Judge Connelly under the court records and that case no. CRB 22-00624 did not have an assigned judge. Moussa therefore argues that under the trial court's local rules, his motions should have been assigned to Judge Connelly.

{¶ 21} The state maintains that although Judge Connelly heard Moussa's 2022 motions in the instant case and in CRB 22-00624, after Moussa withdrew those motions, no matters were before the trial court and therefore a judge was no longer assigned to those cases. The state asserts that because no judge was assigned to either case, the trial court randomly assigned both cases to Judge Lanzinger when Moussa filed his 2023 motions. Both parties point to Loc.R. 15 for support.

8.

**{¶ 22}** Toledo Municipal Court's Loc.R. 15(D) provides as follows:

The assigned judge is responsible for all further matters in connection with the case, with the exception of motions to seal. If a defendant files a motion to seal involving more than one case, the motions to seal will be consolidated and handled by the judge with the newest case as determined by the file stamp date on the cases that are the subject of the motion.

**{¶ 23}** Here, Moussa filed motions to seal in this case, case no. CRA-21-01671, and in a 2022 case, CRB 22-00624.  Under the local rule, therefore, the motions should have been consolidated and handled by the judge with the newest case as determined by the file stamp date on the two cases.  The record on appeal contains the trial court record from this case, but it contains no record from case no. CRB 22-00624 to evidence whether a judge was assigned to that case.  The "appellant bears the burden of pointing to evidence in the record demonstrating error." *State v. Dobbins*, 2022-Ohio-4768, ¶ 12 (6th Dist.).  If the appellant fails to include evidence necessary to resolve the assigned error, the appellate court must "presume the validity of the trial court's proceedings." *City of Toledo v. Mariucci*, 2023-Ohio-4795, ¶ 31 (6th Dist.).  Because Moussa failed to present evidence necessary to determine whether the trial court incorrectly assigned his motions to Judge Lanzinger, the trial court's assignment must be presumed valid.

**{¶ 24}** Further, even if Moussa had established that the trial court incorrectly assigned his motions to Judge Lanzinger, Moussa did not object to Judge Lanzinger's assignment, and therefore his assignment of error is subject to plain-error review. *State v. Turner*, 2003-Ohio-4933, ¶ 21 (8th Dist.) (holding that the failure to object to an incorrect assignment of the trial court judge waived all but plain-error review).  Under a plain-error

9.

review, Moussa must establish that the outcome of his motion would have been different if not for the trial court's error. *State v. Roby*, 2022-Ohio-223, ¶ 19 (6th Dist.), citing *State v. Sanders*, 92 Ohio St.3d 245, 265 (2001). Moussa has not established that the assignment of Judge Connelly rather than Judge Lanzinger to his motions would have resulted in a different outcome. As already discussed, the trial court did not abuse its discretion in denying Moussa's motion in the instant case. There is nothing in the record—other than the bare assertions of Moussa's counsel regarding off-the-record remarks made by Judge Connelly—to suggest that Judge Connelly would have ruled any differently than Judge Lanzinger. Accordingly, Moussa has not established that the outcome would have been different even if the trial court had erred in assigning his motions to Judge Lanzinger.

{¶ 25} Moussa's second assignment of error is found not well-taken.

## IV. Conclusion

{¶ 26} For the foregoing reasons, the May 3, 2023 judgment of the Toledo Municipal Court is affirmed. Moussa is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.                   _____
                               JUDGE

Myron C. Duhart, J.
                               _____
Charles E. Sulek, P.J.                             JUDGE
CONCUR.

                               _____
                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.