[Cite as *State v. Rogers*, 2025-Ohio-5778.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo　　　　　　　　　Court of Appeals No.  L-24-1272

　　　Appellee　　　　　　　　　　　　　　　Trial Court No.  CRA-24-00246

v.

Christopher C. Rogers　　　　　　　　**DECISION AND JUDGMENT**

　　　Appellant　　　　　　　　　　　　Decided: December 26, 2025

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

Andrew R. Mayle, Benjamin G. Padanilam, and
Nichole Kanios Papageorgiou, for Everi Holdings, Inc.

* * * * *

**ZMUDA, J.,**

## I.  Introduction

{¶ 1} Appellant, Christopher Rogers, appeals from the Toledo Municipal Court's

October 23, 2024 denial of his motion to seal the record pursuant to R.C. 2953.33(B)(2).

For the following reasons, we affirm, in part, and reverse, in part, the trial court's

judgment.

## A. Facts and Procedural Background

{¶ 2} On January 9, 2024, a complaint was filed against Rogers, alleging that between July 6, 2022 and December 28, 2022, he violated R. C. 2913.02(A)(1), constituting a charge of Aggravated Theft. The complaint alleged that Rogers deprived the victim, Everi Payment, Inc. ("Everi") of $157,897.38 by exploiting a processing error in the EVERI Cash Club Wallet App. On January 31, 2024, the trial court continued the case until March 19, 2024, for a preliminary hearing.

{¶ 3} On that date, the case was dismissed by the court at the recommendation of the prosecutor and the investigating officer with the Ohio Casino Control Commission. Then, on June 5, 2024, Rogers filed a pro se "Motion to Seal Record of Dismissal to R.C. 2953.33." On July 24, 2024, Everi filed a "Notice of Appearance under Marsy's Law and opposition to defendant's motion to seal." Rogers next filed a "motion to grant sealing of record of dismissal and deny motion in opposition" on October 20, 2024. Everi responded the following day with its "Reply to Defendant's Motion to Grant." In its reply, Everi argued that Article I, Section 10a of the Ohio Constitution ("Marsy's Law") provides rights to victims to appear and be heard on certain issues, including sealing of the record, whether or not the offender has been convicted of the underlying offense.

{¶ 4} The trial court held a hearing on Rogers's motions on October 23, 2024. Rogers's counsel presented arguments concerning the merit of granting Rogers's motion but also argued that Everi lacked standing to object, claiming that Everi was not a victim since the theft charge had been dismissed. Everi's counsel argued against the motion to

2.

seal on the merits but also argued that Marsy's Law allowed victims to be heard throughout the entire criminal process, including on a motion to seal.

{¶ 5} At the conclusion of the hearing, the trial court denied Rogers's motion to seal. In doing so, it noted that "[Rogers's] interest in having [the] dismissed case sealed is outweighed by the victim and government's interest in maintaining the records while the statute of limitations allows for refiling."

## B. Assignments of Error

{¶ 6} Rogers timely appealed and asserts the following errors for our review:

1. The trial court erred when it allowed a non-victim to object to an application to seal a record pursuant to Marsy's Law.

2. The trial court erred by not sealing the record because the state did not object to sealing, Rogers was not given the opportunity to testify, and the trial court failed to make the required findings at the hearing or in its judgment entry.

Because it impacts our resolution of his first assignment of error, we address Rogers's second assignment of error first.

## III. Law and Analysis

### a. The trial court erred in failing to make all of the determinations required under R.C. 2953.33(B)(2)

{¶ 7} In his second assignment of error, Rogers argues, in part, that the trial court erred when it failed to make all of the determinations required under R.C. 2953.33(B)(2) to resolve his motion to seal. The state filed a concession of error, agreeing that the trial

3.

court failed to make each of the required determinations.  We concur with the state's

concession and find that the trial court erred.

{¶ 8} In its judgment entry, the trial court stated:

Hearing held on Defendant's motion to seal.  Defendant's motion to
seal denied as statute of limitations has not run. State reserves the
right to refile the charge within statutes of limitations.  Victim
objects to motion to seal.  As such the defendant's interest in having
dismissed case sealed is outweighed by the victim and government's
interest in maintaining the records while statute of limitations allows
for refiling.

To resolve a motion to seal the record, R.C. 2953.33(B)(2) requires the trial court to do

each of the following:

(a)(i) Determine whether the person was found not guilty in the case, or the
complaint, indictment, or information in the case was dismissed, or a no bill
was returned in the case and a period of two years or a longer period as
required by section 2953.61 of the Revised Code has expired from the date
of the report to the court of that no bill by the foreperson or deputy
foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed,
determine whether it was dismissed with prejudice or without prejudice
and, if it was dismissed without prejudice, determine whether the relevant
statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division
(B)(1) of this section, consider the reasons against granting the application
specified by the prosecutor in the objection;

(d) If the person was granted a pardon upon conditions precedent or
subsequent for the offense for which the person was convicted, determine
whether all of those conditions have been met;

4.

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

The record plainly shows that the trial court failed to determine whether any criminal proceedings were pending against Rogers at the time it ruled on his motion.

{¶ 9} A trial court errs when it fails to make each of the required determinations under R.C. 2953.33(B)(2) on the record. *See State v. Fasnaugh,* 2023-Ohio-3539, ¶ 18-19, 25 (6th Dist.). As a result, we find that the trial court erred in denying Rogers's motion to seal without making each of the required determinations on the record or in its judgment entry and find Rogers's second assignment of error well-taken. We remand this matter to the trial court to conduct the full analysis required and to place its findings on the record. *Id.* at ¶ 26.

{¶ 10} We note that Rogers made three arguments that the trial court committed reversible error in his second assignment of error. Each of these arguments alleged a procedural defect in the trial court's resolution of his motion. Our finding that the trial court erred in not making all determinations under R.C. 2953.33(B)(2) warrants reversal without consideration of the remaining arguments. Further, as this error constituted a procedural defect, we expressly offer no opinion on the merits of Rogers's motion. *Id.*

### b. Everi had a constitutional right to appear and be heard on Rogers's motion to seal

{¶ 11} Our resolution of Rogers's second assignment of error requires us to determine whether the trial court may consider Everi's objections on remand as challenged by Rogers in his first assignment of error. In that assignment, Rogers argues

5.

that because the charge against him had been dismissed, that no offense had been committed and, therefore, there are no victims to be heard pursuant to Marsy's Law. We disagree.

{¶ 12} Before addressing the merits of Rogers's argument, we first address the dissenting opinion's conclusion that this issue is not properly before this court. Rogers originally filed a motion to seal the record on June 5, 2024. Everi filed an opposition to Rogers's motion on July 23, 2024, arguing that it was a "victim" under Ohio Constitution Article I, Section 10a—the victims' rights amendment to the Ohio Constitution commonly referred to as Marsy's Law—and that the granting of Rogers's motion to seal would impact its ability to recover the funds Rogers was charged with stealing. On October 20, 2024, Rogers filed a "motion to grant sealing of record of dismissal and deny motion in opposition." In this motion, Rogers asked the trial court to find that Everi lacked standing to appear as a victim and be heard on his motion. Rogers argued that because he had not been convicted of the dismissed offense, that Everi was not a victim.

{¶ 13} In its reply and at the October 23, 2024 hearing, Everi argued that its constitutional right to be heard under Marsy's Law did not require Rogers to be convicted prior to being considered a victim. Everi also argued that it had an interest in Rogers's records remaining unsealed because Rogers remained subject to new charges during the remaining statute of limitations and to avoid any impairment of its ability to seek civil remedies.

6.

{¶ 14} At the conclusion of the hearing, the trial court denied Rogers's motion to seal. In its judgment, the trial court noted that Everi "objected to" Rogers's motion. It then found that "[Rogers's] interest in having [the] dismissed case sealed is outweighed by *the victim* and government's interest in maintaining the records while the statute of limitations allows for refiling." (Emphasis added). It is evident, then, that Rogers's motion and Everi's objections were fully briefed and argued before the trial court and that the trial court rejected Rogers's argument that Everi lacked standing to raise those arguments, despite never expressly denying Rogers's October 20, 2024 motion to find that Everi lacked standing.

{¶ 15} The trial court's failure to expressly determine whether Everi had standing to object does not preclude this court from considering Rogers's argument on the merits. It cannot be disputed that Rogers's motion to find Everi lacked standing was before the trial court at the time it entered its final order. It is well-established that "[a] motion not expressly decided by the trial court when the case is concluded is ordinarily presumed to have been overruled." *State ex rel. Dobson v. Handwork,* 2020-Ohio-1069, ¶ 18. For these reasons, we presume that Rogers's motion to find Everi lacked standing was denied, particularly in light of the trial court's reliance on Everi's arguments in resolving Rogers's motion to seal the record. Therefore, Rogers's first assignment of error is properly before us and we must resolve it on the merits.

{¶ 16} In his brief, Rogers argued that because the charge against him had been dismissed and he had not been convicted, that Everi was not a victim. Rogers also argued

that because R.C. 2953.33(B)(1) identifies only the prosecutor—that is, not a victim—as a party able to object to the sealing of records, that Everi was not permitted to object to his motion. The state declined to file a brief, instead filing a concession of error on Rogers's second assignment of error—as described above—and requesting the matter be remanded for further proceedings. As a result, Rogers's first assignment of error was unopposed prior to its submission to this court following oral argument on June 4, 2025.

{¶ 17} On June 27, 2025, Everi filed a motion to intervene in this appeal as a victim under Marsy's Law. Everi informed the court that it had not been made aware of the pending appeal until after it was submitted to the court and requested to intervene and file a brief. Marsy's Law does not permit a victim to become a party to pending proceedings. *State v. Hughes,* 2019-Ohio-1000 (8th Dist.). As a result, we denied Everi's motion to the extent it sought to appear as a party to the appeal.[1] However, we construed Rogers's motion to intervene as its intent to exercise its right to be heard under Marsy's Law. To preserve this right and allow Everi to defend the trial court's judgment on Rogers's first assignment of error, we granted Everi leave to file a brief, which it did on October 8, 2025.

{¶ 18} Everi argued that Marsy's Law does not require that a defendant be convicted before a victim has the right to be heard because the law allows for victims to be heard at events prior to trial and conviction. In its response, Rogers argues that

---

[1] Everi's motion to intervene did not expressly request to join as a party but was filed pursuant to Civ.R. 24 which permits joining an action as a party.

8.

nothing in R.C. 2930—the Ohio General Assembly's codification of the process for exercising certain rights under Marsy's Law—expressly permits victims to object to a defendant's motion to seal the record. Therefore, Rogers argues, Marsy's Law does not give Everi the right to object to his motion to seal. Rogers's arguments are unfounded.

{¶ 19} First, Rogers's argument that R.C. Chapter 2930 does not specifically grant victims the right to be heard on a motion to seal the record is misplaced. The record shows that Everi sought to be heard on Rogers's motion to seal pursuant to the Ohio Constitution, Article I, Section 10a. The statute's failure to specifically grant parties like Everi the right to be heard on a motion to seal the record is immaterial to whether Everi had a constitutional right to do so. Indeed, R.C. 2930.011 recognizes this limitation stating "[n]nothing in this chapter shall prevent a victim or the victim's other lawful representative from asserting the rights enumerated in Ohio Constitution, Article I, Section 10a." Accordingly, Rogers's argument that R.C. Chapter 2930 prevents Everi from exercising its constitutional right to be heard fails as a matter of law.

{¶ 20} Rogers's second argument is likewise unavailing. Rogers argues that because he was not convicted of the charged offense, that there is no victim and, therefore, no one to exercise their right to be heard under Marsy's Law. Marsy's Law provides, in relevant part:

> To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:
> * * *

9.

(3) to be heard in any public proceedings involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated.

Ohio Constitution, Article I, Section 10a. To find that Marsy's Law does not permit a victim to exercise the rights granted therein prior to the defendant's conviction is illogical.

{¶ 21} "[A] 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty." *State v. Whitfield,* 2010-Ohio-2, ¶ 12. Marsy's Law expressly grants victims the right to be heard at several proceedings that could only occur prior to a conviction. For example, a victim's right to be heard at a public hearing regarding any plea or the sentence to be imposed could only happen prior to a conviction. Assuming Rogers's charge had proceeded to a verdict, his argument would have precluded Everi from exercising its right to be heard on any plea agreement or the sentence to be imposed until *after* Rogers had already been sentenced—that is, convicted. Under Rogers's interpretation, a victim could never exercise the right to be heard on pre-conviction issues, such as pleas and sentencing, despite expressly being granted that right. Put simply, there is no basis on which this court could find that a victim can only exercise its rights under Marsy's Law once the defendant has been convicted.

{¶ 22} This conclusion comports with the Ohio Supreme Court's recent decision in *State ex rel. GateHouse Media Ohio Holdings II, Inc. v. Columbus Police Dept.,* 2025-Ohio-5243. In that case, the Columbus Dispatch newspaper made a public records request to the Columbus Police Department seeking bodycam footage of a shootout

10.

between two officers and an individual that had been involved in an armed robbery. *Id.* at ¶ 4-9. The individual died as a result of the shootout with the officer. *Id.* In response to the records request, the department provided a redacted video that concealed all evidence of the involved officers' identities, citing their status as a victim under Marsy's Law to prevent any identifying information from being released. *Id.* at ¶ 9. The newspaper sought a writ of mandamus seeking release of the unredacted footage. *Id.* The Ohio Supreme Court held that the officers were victims of the deceased offender's criminal act and that the department correctly redacted any identifying information in the video pursuant to the officers' right to privacy under Marsy's Law. *Id.* at ¶ 26.

{¶ 23} Relevant to the present appeal, the court found that the officers were victims under Marsy's Law when the offender could not have been convicted, or even charged with an offense, due to his death during the shootout. If Marsy's Law required a conviction before a victim could exercise their right, the officers would not have had a right to privacy and the identifying footage would have been released. Thus, the rights granted under Marsy's Law cannot be contingent on the offender's conviction.

{¶ 24} In sum, Rogers's arguments that Everi was not a victim with a right to be heard on his motion to seal the record is unsupported. As a result, we find Rogers's first assignment of error not well-taken, protecting Everi's right to be heard in the proceedings following our remand on Rogers's second assignment of error.

11.

## IV. Conclusion

**{¶ 25}** For these reasons, we find Rogers's first assignment of error not well-taken and we find Rogers's second assignment of error well-taken. We affirm, in part, and reverse, in part the October 23, 2024 judgment of the Toledo Municipal Court. We remand this matter to the trial court to resolve Rogers's motion to seal in accordance with R.C. 2953.33(B)(2) and consistent with our resolution of Rogers's first assignment of error.

**{¶ 26}** The parties are ordered to share the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

Thomas J. Osowik, J.
DISSENTS AND WRITES
SEPARATELY.

**OSOWIK, J.**

{¶ 27} I would concur with the majority opinion with respect to disposition of the second assignment of error. However, since I hold a different opinion regarding the first assignment of error, I would dissent. Respectfully, of course.

*Procedural History*

{¶ 28} On June 5, 2024, Rogers pro se filed a "Motion to Seal Record of Dismissal to R.C. 2953.33" It is obvious that the motion was obtained from the Toledo Municipal Court website which offers a form to be filed pro se under R.C. 2953.33 *after dismissal*.

{¶ 29} On July 24, 2024, a "Notice of Appearance under Marsy's Law and opposition to defendant's motion to seal" was filed on behalf of the victim in this case, Everi Holdings, Inc.

{¶ 30} On October 20, 2024 appellant, through counsel, filed a "MOTION TO GRANT SEALING OF RECORD OF DISMISSAL AND DENY MOTION IN OPPOSITION"

{¶ 31} On October 21, 2024, the victim Everi, Inc. filed a "REPLY TO DEFENDANT'S MOTION TO GRANT." In this pleading, Everi argued that Article I, Section 10a of the Ohio Constitution ("Marsy's Law") provides rights to victims whether or not the offender has been convicted.

{¶ 32} Both of these pleadings were noted by the Clerk as pending before the court at the time of the October 23, 2024 hearing. A hearing was held on appellant's

13.

motion(s) on October 23, 2024. Appellant's counsel presented arguments concerning the merit of granting appellant's motion. but also argued that Everi, Inc. lacks standing to object. Everi's counsel also argued against the motion on the merits but also argued that Marsy's Law allowed victims to be heard throughout the entire criminal process, including a motion to seal.

{¶ 33} The trial court denied the motion to seal but did not address in any respect appellant's motion to deny the victim's motion in opposition based upon lack of standing.

{¶ 34} Appellant's first assignment of error claims the trial court erred when it allowed a non-victim to object to an application to seal a record pursuant to Marsy's Law. As noted, this issue was squarely before the trial court, both in appellant's motion and argument at the October 23, 2024 hearing. However, the trial court failed to address this aspect of appellant's October 21, 2024 motion.

{¶ 35} I will concede that the Ohio Supreme Court has held that when a trial court fails to rule on a pretrial motion, it may *ordinarily* be presumed that the court overruled it. *State ex rel. The v. Cos. v. Marshall,* 81 Ohio St.3d 467, 469 (1998), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.,* 69 Ohio St.3d 217, 223 (1994), and *Newman v. Al Castrucci Ford Sales*, 54 Ohio App.3d 166 (1st Dist. 1988).

{¶ 36} Generally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do. *State v. Ryerson*, 2004-Ohio-3353, ¶ 52 (12th Dist.). The majority opinion relies upon the trial court's

14.

statement that the appellant's interest "is outweighed by the *victim* and government's interest."

{¶ 37} To extract a ruling on an interpretation of the Ohio Constitution and statutes from the use of the word "victim" by a trial court is, in my opinion, an improper application of an otherwise useful principle of appellate law. *Id.* at ¶ 54.

{¶ 38} Selectively prying one word from a pronouncement by a trial court and heaving it into the whirling fan blades of appellate review and picking up the pieces on the other side and assembling a constitutional and statutory analysis should only be done after an overt ruling by the trial court.

{¶ 39} Accordingly, I would find the first assignment of error not to be well-taken at this time because it is premature, the trial court having not ruled upon all the salient issues raised by this assignment of error.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.